303 So.2d 681 (1974)
Eddie Lee PURVIS and Charlotte Faye Purvis, Appellants,
v.
Larry Gene CARVER, Appellee.
No. 73-1112.
District Court of Appeal of Florida, Fourth District.
December 6, 1974.
Bill McCabe, Meyers, Mooney & Adler, P.A., Orlando, for appellants.
No appearance for appellee.
MAGER, Judge.
Upon consideration of the brief of appellant, oral argument and the record herein[1] we are of the opinion that the trial court erred in summarily modifying those portions of a final judgment of dissolution dealing with visitation rights. The record reflects that some time subsequent to the dissolution of marriage between Charlotte Faye Purvis (formerly Charlotte Faye Carver), appellant, and Larry Gene Carver, appellee, a hearing was held on rules to show cause filed by the respective parties at which time an oral motion was made by appellee's attorney for additional visitation rights which was granted by the court.
We adopt the rationale set forth in Lourcey v. Lourcey, Fla.App. 1971, 256 So.2d 25, *682 and conclude that the chancellor was without jurisdiction to summarily change the visitation provisions of a dissolution decree which had become final where no pleading had been filed directed to the modification of the decree. As stated in Lourcy, "The oral motion made by the defendant (appellee) does not satisfy the requirement that a pleading is necessary".
Accordingly, that portion of the order modifying visitation rights is set aside and the visitation rights set forth in the final judgment of dissolution are reinstated without prejudice to further consideration of this matter by the trial court upon filing appropriate pleadings. In all other respects the order appealed is affirmed.[2]
Affirmed, as modified.
OWEN, C.J., and CROSS, J., concur.
NOTES
[1] Appellee has not filed a brief in this appeal and has thereby forfeited the right to oral argument. See Rule 3.7, subd. b, F.A.R.; see also Holden v. City of Fort Lauderdale, Fla. App. 1973, 286 So.2d 218, f.n. 4.
[2] The court is unable to determine whether there was any abuse of discretion in the conduct of the contempt proceedings below because of the insufficiency of the record on appeal. Pryor v. Pryor, Fla.App. 1973, 274 So.2d 242. Moreover, although the appellant refers to a "statement of facts", no such document appears in the record. Lastly, it is within the power of the court to assess a compensatory fine to be paid by the wrong-doing party to the party injured. South Dade Farms v. Peters, Fla. 1956, 88 So.2d 891.