309 So.2d 581 (1975)
William E. CHILDRESS, Appellant,
v.
Shirley R. CHILDRESS, Appellee.
No. 74-542.
District Court of Appeal of Florida, Third District.
March 18, 1975.
*582 Marvin & Sheppard, Miami, for appellant.
Norman N. Zipkin, Miami, for appellee.
Before BARKDULL, C.J., HENDRY, J., and CHARLES CARROLL (Ret.), Associate Judge.
HENDRY, Judge.
The pleadings contained in the record on appeal in this case include the following: the wife's petition for modification of support and alimony payments; the huband's petition for a change of custody of the couple's minor sons, Bill and Steve Childress; and the husband's motion for contempt due to the wife's failure to grant him reasonable visitation privileges.
Following a hearing, the trial court entered an order which in paragraph two provided that the husband shall have only such right of visitation as the wife "in her sole discretion and convenience, shall feel is in the best interest of said children."
This provision modified the terms of the final judgment of dissolution of marriage between the parties entered on July 20, 1972, granting reasonable visitation privileges to the husband.
However, the wife never filed a pleading in this cause seeking a modification of the husband's visitation privileges, and we hold that the trial court was without power, in the absence of an emergency affecting the welfare of the children, to alter the final judgment where no pleading was filed in conformance with the rules of civil procedure. See, Purvis v. Carter, Fla.App. 1974, 303 So.2d 681; Scheer v. Scheer, Fla.App. 1961, 132 So.2d 456.
Accordingly, we reinstate the original provisions of the final judgment concerning visitation rights of the husband and set aside paragraph two of the order appealed. We do so, of course, without prejudice to the wife's right to file an appropriate pleading directed to the issue of visitation and to the trial court's reconsideration of the matter.
The order appealed is affirmed in all other respects.
Affirmed as modified.