459 So.2d 1162 (1984)
Hollie J. McCaleb, Appellant,
v.
I. Lorraine MATHIS, Appellee.
No. 84-1195.
District Court of Appeal of Florida, Second District.
November 30, 1984.
John M. Potter, Clewiston, for appellant.
James D. Sloan of Luckey, Elver & Sloan, LaBelle, for appellee.
RYDER, Chief Judge.
In this post-dissolution proceeding, the wife, I. Lorraine Mathis, sought a modification of the final decree. She requested an increase in child support and a specific visitation schedule "at times other than summer and holidays." The original judgment, incorporating the parties' agreement, provided that the husband, Hollie J. McCaleb, would have the right to visit his two minor children during school holidays for Easter and Christmas in even numbered years, for one month during the summer, and at other times as were mutually agreeable to the parties.
At hearing on the wife's petition, the trial judge increased the amount of child support. Two days later, he entered a written order incorporating the child support increase and a comprehensive detailed two-page visitation schedule. The schedule *1163 included provisions for visitation on weekends, holidays, birthdays, and vacations. It also addressed contingencies such as waiting, cancellations and moving. The husband appeals from this order, contending that a wholesale revision of the parties' agreement as to visitation was unauthorized when it was neither raised in the pleadings nor tried by the consent of the parties. We agree and reverse. The husband does not contest the increase in child support.
The wife's petition for modification asked the court only to set a specific schedule for visitation at times other than summer and holidays. Although Florida Rule of Civil Procedure 1.190(b) allows issues not raised by the pleadings to be treated as such when tried by the express or implied consent of the parties, that did not happen in this case. Rather, at the beginning of the hearing, the wife's attorney stated, "I don't think visitation is a problem. We are requesting an increase in child support." Thereafter, the only evidence presented about visitation was the wife's testimony that she did not know whether the children would return from visits with their father at 6:00 p.m., 7:00 p.m. or 8:00 p.m.
The trial court's order denied the husband fundamental due process as it adjudicated issues not presented by the pleadings nor litigated by the parties. Such an order is at least voidable on appeal. Cortina v. Cortina, 98 So.2d 334 (Fla. 1957); Gligorijevic v. Gligorijevic, 427 So.2d 1060 (Fla. 2d DCA 1983); Lentz v. Lentz, 414 So.2d 292 (Fla. 2d DCA 1982); Wallace v. Wallace, 413 So.2d 1261 (Fla. 2d DCA 1982); Manning v. Varges, 413 So.2d 116 (Fla. 2d DCA 1982).
Accordingly, we affirm only that portion of the trial court's order increasing child support payments from $25.00 per week per child to $32.50 per week per child, and reverse and set aside that portion of the order modifying the husband's visitation with the minor children.
Affirmed in part, reversed in part.
CAMPBELL and LEHAN, JJ., concur.