491 So.2d 1272 (1986)
Lisa Marie BRADY, F/K/a Lisa Marie Jones, Appellant,
v.
David Richard JONES, Appellee.
No. 85-2332.
District Court of Appeal of Florida, Second District.
July 30, 1986.
Robert L. Valentine of Jacobs & Valentine, P.A., Lakeland, for appellant.
*1273 Anthony A. Accorsi, Avon Park, for appellee.
PER CURIAM.
Appellant, Lisa Marie Brady, formerly known as Lisa Marie Jones, appeals from an order terminating visitation rights with her daughter, Christina Marie Jones. We reverse.
The appellant (mother) and the appellee, David Richard Jones (father), were divorced in 1982. The final judgment initially awarded custody of the daughter to the mother, but was modified in 1985 to award sole custody to the father and reasonable, limited, and supervised visitation to the mother. Several months later, the mother filed a motion for expansion of visitation rights and a motion seeking to have the father held in contempt of court for failing to allow visitation. A hearing was held, and the court denied the motions. The court additionally suspended and terminated visitation rights, prohibited the mother from talking to her daughter on the telephone, restrained both parties from directly or indirectly coming about, harassing, annoying, or threatening each other, personally or by agent, and restrained the father from making disparaging remarks about the mother in the daughter's presence.
The mother filed a timely notice of appeal. She argues that the court erred in terminating her visitation rights and in prohibiting her from talking to her daughter on the telephone. We agree.
A court cannot modify any judgment unless the issue of modification is properly presented to it by appropriate proceedings and each party is given an opportunity to be heard on the issue. Cortina v. Cortina, 98 So.2d 334 (Fla. 1957). A judgment entered upon a matter entirely outside of the issues made by the pleadings cannot stand, and where an issue is neither presented by the pleadings, nor litigated by the parties, a decree adjudicating such issue is, at least, voidable on appeal. Cortina; See Fla.R.Civ.P. 1.190(b). In this case, the parties had notice only of the expansion of visitation and contempt issues raised in the mother's motions. The court not only denied those motions, but additionally terminated visitation privileges and telephone contact. This amounted to an improper modification of the court's prior order without a petition for modification being filed. As the order adjudicated issues neither presented by the pleadings nor litigated by the parties, it denied the wife fundamental due process and must be reversed. McCaleb v. Mathis, 459 So.2d 1162 (Fla. 2d DCA 1984); see also, Cortina.
At the hearing, in response to questions, the father indicated a desire that the mother's visitation rights be restricted, but he did not seek to terminate them completely. He never filed a motion for restriction of visitation, and even had he moved orally for such restriction at the hearing, the oral motion would have been insufficient because the issue was not tried by the express or implied consent of the parties. See Fla.R.Civ.P. 1.190(b); Lourcey v. Lourcey, 256 So.2d 25 (Fla. 1st DCA 1971); Purvis v. Carver, 303 So.2d 681 (Fla. 4th DCA 1974).
The husband argues that where an emergency affecting the best interests of the child exists, the trial court has the authority to change or modify custody even where the proper pleadings have not been filed. Childress v. Childress, 309 So.2d 581 (Fla. 3d DCA 1975). The trial court did not find that any emergency existed.
We, accordingly, reverse without prejudice to the husband's right to file an appropriate pleading directed to the issues of visitation and telephone contact and to the trial court's consideration of those issues. As the mother did not appeal the other portions of the trial court's order, we do not address the court's consideration of those matters.
Reversed and remanded.
SCHOONOVER, A.C.J., and FRANK and HALL, JJ., concur.