LEHAN, Judge.
An ex-wife appeals from a post-dissolution order which required the divorced parties and their current spouses to attend psychological counseling sessions and parenting classes. We reverse.
The ex-wife filed a motion asking the trial court to hold the husband in contempt for his failure to pay child support arrear-ages as previously ordered by the court. The trial court entered an order denying the wife’s motion and directing the ex-husband to pay an additional $10.00 in weekly child support until the arrearages were fully paid. The trial court’s order additionally ordered the divorced parties and their current spouses to participate in joint counseling and to complete two junior college courses in parenting, communications, building self-esteem in the family, adjusting to divorce, or step-parenting.
The ex-wife contends that the trial court erred in ordering the counseling and classes because there was no notice of or motion for the imposition of these conditions nor was there any trial of these issues by the express or implied consent of the parties. The ex-wife also contends that the trial court erred in ordering the parties’ current spouses to participate in these activities since the court had no jurisdiction over the spouses.
We agree that the trial court had no jurisdiction to order the spouses to attend classes and counseling. We also agree that it was error to impose these conditions on the parties in the absence of a motion or other notice and opportunity to be heard on the issues. See Brady v. Jones, 491 So.2d 1272 (Fla. 2d DCA 1986); McCaleb v. Mathis, 459 So.2d 1162 (Fla. 2d DCA 1984).
We note that in an order by the trial judge which accompanied and approved of the parties’ stipulated statement of the proceedings, the trial judge recognized that she could not issue orders to nonparties and stated that it had been her intent to urge the parties and their current spouses to attend the classes and counseling in the hope that they would “recognize the importance of setting aside the hostile attitudes of the parties toward each other and the development of a more amicable relationship for the bénefit of their children and for their own peace of mind.” We share the trial court’s hope.
That portion of the trial court’s order requiring the parties and their spouses to attend counseling and junior college courses is reversed.
RYDER, A.C.J., and GRIMES, STEPHEN H., Associate Judge, concur.