RYDER, Acting Chief Judge.
The final judgment entered in April of 1986 granted appellant unsupervised overnight visitation with his two-year-old daughter. In November of 1987, after the child’s return from a visit with appellant, appellee filed a report with the Florida Department of Health and Rehabilitative Services (HRS) alleging that appellant had sexually abused his child.
The child was physically and psychologically examined. After reviewing the find *1210 ings, HRS concluded that the report of sexual abuse was “indicated,” meaning that the child had been sexually abused, but that HRS had not identified a perpetrator.
Subsequent to the incident, appellee permitted appellant supervised visitation only. Appellee filed a petition to modify visitation. Appellant filed a motion to dismiss appellee’s petition to modify visitation arguing lack of personal jurisdiction. Appellant also filed a motion to hold appellee in contempt of court for denying appellant unsupervised visitation as the final judgment of dissolution of marriage provided.
A hearing was held. The trial court dismissed appellee’s petition to modify visitation holding that the court lacked personal jurisdiction. The court held that the motion for contempt and the petition for modification involved the same issues and, consequently, if the court believed the well-being of the minor child required modification of visitation, the court would act on its own motion.
After hearing the testimony and reviewing the evidence, the court concluded that the minor child had been sexually abused. The court held:
1. That the Court finds from the preponderance of the credible evidence that there is evidence that the child, ... has been the subject of sexual abuse.
2. That there is not a preponderance of the evidence to establish that Ralph B. Fisher is the perpetrator of the sexual abuse.
3. That by preponderance of the evidence, the Court finds that the best interest of the child requires that visitation with the father, Ralph B. Fisher, be restricted by requiring that all visitation be supervised by a responsible adult.
It is therefore,
ORDERED AND ADJUDGED:
1. That the Motion to Hold the Defendant in Contempt of Court is hereby denied.
2. That the Motion to Dismiss the Petition for Modification is granted and said Petition is hereby dismissed.
3.That the Court on its own motion hereby modifies the Final Judgment of Dissolution of Marriage as it reflects visitation as follows:
a. The father, Ralph B. Fisher, shall enjoy supervised visitation with his child....
Appellant raises two points on appeal. We find merit in only one. Appellant contends that the trial court erred in summarily modifying appellant’s visitation rights. We agree.
“A court cannot modify a judgment unless the issue of modification is properly presented to it by appropriate proceedings and each party is given an opportunity to be heard on the issue. Cortina v. Cortina, 98 So.2d 334 (Fla.1957).” Brady v. Jones, 491 So.2d 1272, 1273 (Fla. 2d DCA 1986). If a court enters a judgment upon a matter outside of the pleadings, the judgment “cannot stand.” Id.
In Purvis v. Carver, 303 So.2d 681 (Fla. 4th DCA 1974), the court reversed the trial court’s modification of the visitation portions of a final judgment of dissolution of marriage because the trial court was “without jurisdiction to summarily change the visitation provisions of a dissolution decree which had become final where no pleading had been filed directed to the modification of the decree.” Id. at 681-82. The appel-lee’s oral motion at the hearing on the rules to show cause did not satisfy the requirement of a pleading. Id.
Similarly, in Lourcey v. Lourcey, 256 So.2d 25 (Fla. 1st DCA 1971), the court held that the chancellor was without jurisdiction to summarily change the child support provisions of a divorce decree which had become final where no pleadings had been filed directed to modification of the decree. The court held that the father’s oral motion did not satisfy the requirement that a pleading was necessary. See also Schnicke v. Schnicke, 533 So.2d 337 (Fla. 5th DCA 1988) (trial court erred in modifying custody at hearing noticed for consideration of appellee’s motion to hold appellant in contempt for allegedly disobeying court’s visitation order where no pleadings were filed requesting a change of custody *1211 nor any notice that argument for a change in custody would be heard).
In the instant case, once the trial court dismissed appellee’s petition for modification of visitation, the trial court no longer had a vehicle through which it could modify appellant’s visitation rights. Thus, the trial court erred in summarily modifying the visitation provisions of the final judgment of dissolution of marriage.
Accordingly, we reverse the portion of the trial court’s order modifying appellant’s visitation rights without prejudice to further consideration of this matter by the trial court upon the parties filing appropriate pleadings.
Affirmed in part; reversed in part.
DANAHY and LEHAN, JJ., concur.