622 So.2d 1144 (1993)
Richard Michael NOTARIANNI, Appellant,
v.
Jeannette F. NOTARIANNI, Appellee.
No. 92-02958.
District Court of Appeal of Florida, Second District.
August 13, 1993.
*1145 William D. Kramer of William D. Kramer, P.A., Marco Island, for appellant.
Jeannette F. Notarianni, pro se.
PER CURIAM.
The ex-husband in this dissolution matter has appealed the trial court's action on several grounds. We agree with each of the ex-husband's contentions except two.
We agree that the trial court erred in ordering him to be responsible for medical insurance for medical expenses incurred by the wife from the date of the final judgment. It is error to impose such an open-ended obligation. See Gay v. Gay, 573 So.2d 180, 180-81 (Fla. 2d DCA 1991). We also agree that it was error to order the ex-husband to be responsible for uninsured medical expenses incurred since the time of the final judgment. Id. It was error to modify the final judgment simply upon the wife's motion for contempt without a pending petition for modification. Indeed, modification had not even been requested until the filing of the wife's written petition submitted after the hearing. See Loss v. Loss, 608 So.2d 39 (Fla. 4th DCA 1992). Finally, the trial court erred in failing to act upon the ex-husband's request concerning his payment of real estate taxes and insurance to protect the former marital home prior to its sale.
The ex-husband's assertion that the trial court erred in reducing alimony from $900 to only $600 is meritless. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Also, we do not agree that the trial court was mistaken in failing to establish a date of the modification, i.e., reduction, of alimony owed by the ex-husband as of the date of his petition requesting that relief. The effective date of the modification was within the court's discretion. See Brisco v. Brisco, 355 So.2d 506, 508 (Fla. 2d DCA 1978).
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
FRANK, C.J., and DANAHY and PATTERSON, JJ., concur.