707 So.2d 966 (1998)
Thomas E. HANNA, Appellant/Cross-Appellee,
v.
Lynn A. SCHMIDT, Appellee/Cross-Appellant.
No. 97-1445.
District Court of Appeal of Florida, Fourth District.
April 8, 1998.
Esther Uria LaBovick of LaBovick & LaBovick, P.A., Jupiter, for appellant/cross-appellee.
Glenn H. Mitchell, West Palm Beach, for appellee/cross-appellant.
PER CURIAM.
On the main appeal, we affirm the denial of appellant's petition to become the primary residential parent and also the increase in appellant's child support obligation because the trial court did not abuse its discretion. See Dinkel v. Dinkel, 322 So.2d 22 (Fla.1975); § 61.30(b), Fla. Stat. (1996).
However, we reverse reduction of the appellant's visitation rights as appellee did not seek same in her pleadings. See Childress v. Childress, 309 So.2d 581 (Fla. 3d DCA 1975). Although the trial court was not bound by any stipulation or agreement between the parents, the trial court erred in modifying its earlier order of visitation. See Lewis v. Lewis, 665 So.2d 322 (Fla. 4th DCA 1995).
Moreover, on the cross-appeal, we reverse the trial court's order granting appellant/cross-appellee's motion to enforce an oral mediation agreement because it was never reduced to writing nor signed by the parties. See Fla. Fam. L.R.P. 12.740(f)(1); City of Delray Beach v. Keiser, 699 So.2d 855 (Fla. 4th DCA 1997).
We do so, however, without prejudice to appellee to raise issues of accord and satisfaction *967 or estoppel. Appellee alleges that the agreement struck in mediation as to attorney's fees was fully performed by acceptance of the payments made pursuant to the settlement. The trial court should be allowed to consider such claims in any further proceedings.
GLICKSTEIN, WARNER and SHAHOOD, JJ., concur.