824 So.2d 219 (2002)
Kathy Lynne KSAIBATI, Appellant,
v.
Ahmad Ghassan KSAIBATI, Appellee.
No. 2D01-148.
District Court of Appeal of Florida, Second District.
July 19, 2002.
Rehearing Denied August 16, 2002.
*220 Karol K. Williams of Karol K. Williams, P.A., Tampa, for Appellant.
Clifton C. Curry, Jr., and Frank J. Nivert of the Law Offices of Curry & Associates, P.A., Brandon, for Appellee.
STRINGER, Judge.
Kathy Lynne Ksaibati (the former wife) challenges a postjudgment order requiring the escrow of her share of the proceeds from the sale of the marital home and imposing additional requirements concerning the parties' visitation rights. We affirm in part and reverse in part.
In 1998, the former wife and Ahmad Ghassan Ksaibati (the former husband) were divorced in Hillsborough County, Florida, pursuant to a marital settlement *221 agreement incorporated into the final judgment of dissolution of marriage. Relevant to this appeal, the final judgment provided for the sale of the marital home with the proceeds divided equally. The final judgment also contained specific provisions regarding the former husband's visitation rights with the parties' three minor children.
Since the entry of the final judgment, the parties have engaged in substantial postjudgment litigation. A hearing was set for September 27, 2000, on all pending motions. At the time of the hearing, the former husband had pending motions for contempt alleging that the former wife had interfered with the sale of the home and had interfered with the former husband's visitation rights. The former wife also had several motions pending at the time of the hearing; however, only her motion for entry and inspection of the home was heard.
At the hearing, counsel for the former husband advised the court that the sale of the home could not be completed until the former wife's pending appeal on that issue was decided by this court.[1] The trial court was also advised that the former husband was seeking postjudgment attorney's fees from the former wife. The trial court deferred ruling on the former husband's motion for contempt for interference with the sale of the home pending the outcome of the former wife's appeal. However, the trial court sua sponte ordered that the former wife's proceeds from the sale of the home be placed in the court registry to ensure that adequate funds were available for the payment of a potential award of attorney's fees or damages to the former husband. The trial court denied the former wife's motion for entry and inspection.
Additionally, the trial court heard argument on the former husband's motion for contempt related to visitation. Testimony was taken from both parties concerning the former wife's alleged refusal to comply with the visitation provisions of the final judgment. Although the trial court did not find the former wife in contempt, it made several rulings concerning visitation. In its final order, the trial court imposed specific time frames on the former husband's visitation, ordered the parties to attend counseling with their eldest daughter, imposed stricter notification requirements on both parties, and directed that all future communication between the parties be by e-mail. The trial court reserved jurisdiction on all of the former husband's motions for contempt and attorney's fees.
The former wife challenges the final order and argues that the trial court, in effect, modified the final judgment without proper pleadings. After a review of the order, we conclude that the additional requirements imposed in the order were, in fact, modifications of the final judgment. Because neither party filed a proper pleading for a modification, the trial court was without jurisdiction to modify the final judgment. See Notarianni v. Notarianni, 622 So.2d 1144, 1145 (Fla. 2d DCA 1993) ("It was error to modify the final judgment simply upon the wife's motion for contempt without a pending petition for modification."); see also Brady v. Jones, 491 So.2d 1272, 1273 (Fla. 2d DCA 1986) ("As the order adjudicated issues neither presented by the pleadings nor litigated by the parties, it denied the wife fundamental due process....").
The former husband contends that the order was not a modification of the final judgment. The former husband argues that the trial court merely imposed *222 additional requirements on the former wife to redress past wrongs and effectuate compliance with the final judgment. Even if we were to view the provisions as sanctions imposed to enforce compliance with the final judgment, the trial court did not hold the former wife in contempt. The trial court reserved ruling on the former husband's motions for contempt, attorney's fees, and sanctions until after the former wife's appeal in another case was decided. Additionally, the trial court made no findings that the former wife had failed to comply with any provision of the final judgment. Without a finding that the former wife had failed to comply with an order of the court, the trial court could not impose sanctions for contempt.
We also find that the trial court erred in ordering the escrow of the former wife's half of the proceeds from the sale of the home. A trial court has no authority to order a deposit of money into the registry of the court if the money is not the subject of the litigation. Morroni v. Fisher, 647 So.2d 127 (Fla. 2d DCA 1994). In this case, the trial court ordered the escrow of the former wife's half of the sale proceeds for the purpose of ensuring the payment of potential attorney's fees. Thus, the trial court imposed what amounted to an injunction against the former wife without such relief being requested in a proper pleading. See Rosasco v. Rosasco, 641 So.2d 493 (Fla. 1st DCA 1994) (holding that order which required husband to place certain funds in escrow and thereby lose control and use of said funds pending resolution of the litigation was in the nature of an injunction). Additionally, to obtain an injunction, the former husband was required to show (1) irreparable harm; (2) no adequate remedy at law; (3) a clear legal right to relief; or (4) that the temporary injunction would serve the public interest. See id. at 495. The former husband made no such showing.
The only issue the former wife raises related to the denial of her motion for entry and inspection concerned whether the trial court actually ruled on the motion at the hearing. The record reflects that the trial court orally announced that it was denying her motion. Thus, we affirm that portion of the final order. We find no merit to the former wife's remaining issues.
Accordingly, we affirm in part the final order as to those portions related to the denial of the former wife's motion for entry and inspection and the reservation of jurisdiction on the former husband's motions for contempt, attorney's fees, and sanctions. We reverse as to the remaining portions of the final order.
Affirmed in part and reversed in part.
PARKER and ALTENBERND, JJ., concur.
NOTES
[1] The former wife's appeal in appellate case 2D99-4481 was decided by this court in Ksaibati v. Ksaibati, 782 So.2d 877 (Fla. 2d DCA 2001) (table decision).