885 So.2d 927 (2004)
Jon L. FOERSTER, Appellant,
v.
Kelleen FOERSTER n/k/a Kelleen Winfree, Appellee.
No. 2D03-5879.
District Court of Appeal of Florida, Second District.
October 20, 2004.
*928 Julia A. Parker and Elizabeth A. Walch of The Parker Law Group, P.A., Sarasota, for Appellant.
No appearance for Appellee.
VILLANTI, Judge.
The circuit court dissolved the marriage of Jon and Kelleen Foerster on March 29, 2001. The final judgment, incorporating a settlement agreement, provided for shared parental responsibility. It awarded Mrs. Foerster primary physical custody of the children and provided Mr. Foerster visitation. In 2003, Mr. Foerster filed a motion for enforcement of the visitation provisions in the final judgment. While purporting to consider only the motion for enforcement, the trial court effectively modified the final judgment, restricting Mr. Foerster's visitation rights. Because the trial court did not have authority to modify the final judgment, we reverse.
Mr. Foerster's visitation rights in the final judgment depended on his successful completion of various conditions. Upon completing each condition, his visitation would be increased accordingly. Mr. Foerster would be permitted unsupervised telephonic visitation upon completion of a parenting class. The final judgment required Mr. Foerster to authorize his counselor, Michael Epstein, to provide records to a drug evaluator and then to submit to a drug evaluation. If the drug evaluation recommended outpatient treatment, Mr. Foerster would be allowed supervised visitation after he completed four months of treatment. If the recommendation was for inpatient treatment, he would have to complete inpatient treatment and four weeks of aftercare treatment before being allowed supervised visitation. The visitation would be supervised by the paternal grandmother, Sherrie Tillis. Finally, the final judgment permitted unsupervised visitation, in accordance with the standard visitation guidelines, if Mr. Foerster successfully completed the recommended drug treatment and showed a drug-free lifestyle for eight months.
Mr. Foerster completed a parenting class and submitted to a drug evaluation by Richard Campbell, a senior counselor with Tri County Human Services, Inc. Mr. Campbell recommended outpatient treatment. After completing four months of outpatient treatment, Mr. Foerster attempted to visit his children in accordance with the terms of the final judgment. Feeling that his former wife was hindering his attempts to reestablish relationships with his children, he filed a motion to *929 enforce the visitation provisions of the final judgment.
The circuit court held a hearing on Mr. Foerster's motion. After the hearing, it entered an order imposing new conditions on Mr. Foerster's visitation rights. Like the final judgment, the order allowed telephonic visitation and required Mr. Foerster to authorize his counselor to provide his records to his drug evaluator. However, it limited his supervised visitation to one hour per week at a supervised visitation program center, rather than visitation in accordance with a standard schedule under the supervision of the paternal grandmother. The order also referred to appointment of a custody evaluator and required Mr. Foerster to again petition the court if he wanted unsupervised visitation.
Florida courts have repeatedly held that it is a violation of a parent's due process rights for a court to modify visitation in a final judgment unless the issue of modification is properly presented to it by written pleadings, noticed to the parties, or litigated below. Ksaibati v. Ksaibati, 824 So.2d 219, 221 (Fla. 2d DCA 2002) (citing Notarianni v. Notarianni, 622 So.2d 1144, 1145 (Fla. 2d DCA 1993), and Brady v. Jones, 491 So.2d 1272, 1273 (Fla. 2d DCA 1986)).
In this case, neither Mr. nor Mrs. Foerster had filed a petition for modification of visitation meeting the requirements of a pleading. Mr. Foerster filed a motion for enforcement of the existing visitation provisions. In response, Mrs. Foerster filed a motion for appointment of a guardian ad litem late on the day before the hearing. In one sentence of her motion, Mrs. Foerster alleged that there had been a substantial change in circumstances since the final judgment and claimed that telephonic visitation was having a negative effect on the children. However, her motion did not specifically ask for modification or satisfy the pleading and notice requirements. At the hearing, Mrs. Foerster's attorney argued that there had been a substantial change in circumstances since the final judgment and asked the court to consider the best interests of the children. Mrs. Foerster's attorney also suggested that the paternal grandmother should not be the supervisor. These suggestions did not satisfy the pleading or notice requirements. See Fisher v. Whiteside, 541 So.2d 1209, 1210-11 (Fla. 2d DCA 1988) (citing Schnicke v. Schnicke, 533 So.2d 337 (Fla. 5th DCA 1988)). Additionally, the issue of modification was not tried by the express or implied consent of both parties. See Brady, 491 So.2d at 1273. In fact, Mr. Foerster's attorney specifically objected to testimony concerning whether the paternal grandmother was an appropriate supervisor, saying, "I'm going to object to this line of questioning. We're here on a Motion to Enforce a Final Judgment, not a Motion to Modify it, not a Motion for Contempt."
Without a petition for modification of visitation, the court could not modify the final judgment visitation provision, absent an emergency affecting the welfare of the children. See Loudermilk v. Loudermilk, 693 So.2d 666, 668 (Fla. 2d DCA 1997) (stating "such an order requires an emergency situation such as where a child is threatened with harm, or where the opposing party plans to improperly remove the child from the state"). There is no evidence of an emergency that would justify violating Mr. Foerster's due process rights. The trial court stated in its order that it was ordering new provisions because of Mr. Foerster's "history of substance abuse" and the need for a "gradual renewal of contact." These issues were considered in the final judgment and do not constitute emergency circumstances. *930 Because there was no motion for modification satisfying the pleading requirement and no evidence of an emergency, the court was without jurisdiction to change the visitation provisions of the final judgment. See Purvis v. Carver, 303 So.2d 681, 681-82 (Fla. 4th DCA 1974).
In its order, the circuit court found that Mr. Foerster had complied with the parenting class requirement, based on his testimony that he had completed the parenting class required of all divorced parents with children and evidence of his certificate of completion. Therefore, the court correctly ordered unsupervised telephonic visitation. The court found that Mr. Foerster had not complied with the final judgment provision requiring him to release his records from counselor Epstein to his drug evaluator, based on Mr. Foerster's admission. Therefore, the court correctly ordered Mr. Foerster to release the records within ten days of its order. The court should have next considered whether Mr. Foerster had completed the other conditions specified in the final judgment to receive supervised visitation. Mr. Foerster offered evidence that he had completed four months of outpatient treatment with Tri County Human Services, Inc. The court should have decided whether Mr. Foerster had in fact completed the requisite drug treatment. Upon finding compliance with the final judgment, the court should have awarded visitation under the supervision of the paternal grandmother. Instead, the trial court went beyond its authority, imposing more conditions on Mr. Foerster and restricting his visitation rights.
During the hearing, the trial court noted that its "only concern in this case [was] the best interest of the children ... [and whether it was] in the best interest of the children for Mr. Foerster to have supervised visitation ... regardless of what the final dissolution of  final judgment of dissolution of marriage says...." This observation was blatant error. In considering a motion for enforcement of a final judgment, the court's chief concern is what the final judgment says. In light of the above, we reverse, reinstating the visitation provisions of the final judgment of dissolution and remanding the case to the trial court to decide whether Mr. Foerster has met the conditions for visitation imposed in the final judgment.
Reversed and remanded.
NORTHCUTT and KELLY, JJ., concur.