972 So.2d 222 (2007)
Rossmery ILLANES, Petitioner,
v.
Victor GUTIERREZ, Respondent.
No. 3D07-2720.
District Court of Appeal of Florida, Third District.
December 5, 2007.
Kenneth M. Kaplan, for petitioner.
Hernan Hernandez, for respondent.
Before GREEN, SHEPHERD, and ROTHENBERG, JJ.
SHEPHERD, J.
Rossmery Illanes petitions this Court for the issuance of a writ of certiorari to the Circuit Court of Miami-Dade County, Family Division to review an "Order on Court Ordered Case Management Conference." The order modifies an eight-year-old Final Judgment of Dissolution, which had authorized only supervised visitation between the minor child and Respondent-father, Victor Gutierrez, to temporary, bi-weekly, unsupervised weekend visitation. Although the petitioner has exhibited considerable disrespect to the trial court and its processes, there is no allegation or proof supporting a need for emergency *223 action. See Loudermilk v. Loudermilk, 693 So.2d 666, 668 (Fla. 2d DCA 1997) ("[S]uch an order requires an emergency situation such as where a child is threatened with harm, or where the opposing party plans to improperly remove the child from the state.").
The order presented here arose out of a trial court ordered case management conference that apparently is routinely utilized by the trial court for the commendable purpose of managing its docket. Although the parents have been squabbling for years over multiple issues relating to the child, there was no notice in the case management order that visitation would be discussed or a modification considered at the case management hearing. Nor was there a motion pending or noticed for such purpose.
"Florida courts have repeatedly held that it is a violation of a parent's due process rights for a court to modify visitation in a final judgment unless the issue of modification is properly presented to it by written pleadings, noticed to the parties, or litigated below." Foerster v. Foerster, 885 So.2d 927, 929 (Fla. 2d DCA 2004); Aiello v. Aiello, 869 So.2d 22, 23 (Fla. 2d DCA 2004); Lentz v. Lentz, 414 So.2d 292, 293 (Fla. 2d DCA 1982). There is no evidence in the record that the topic of visitation modification was properly presented for consideration by motion and notice, and the respondent does not contend otherwise. Brady v. Jones, 491 So.2d 1272, 1273 (Fla. 2d DCA 1986) ("A court cannot modify any judgment unless the issue of modification is properly presented to it by appropriate pleadings and each party is given an opportunity to be heard on the issue."). Nor does the case management order issued by the trial court, which states only that "counsel should have discussed with each other, and counsel and the parties should be prepared to discuss with the undersigned Judge [certain listed matters]" (emphasis added), indicate that the call of the hearing was intended to include any evidentiary matters. Finally, neither the trial court nor the parties have provided us with any record support from which we can conclude the issue was heard by the petitioner with implied consent.
Petition granted. Order quashed.