LEVINE, J.
The issue presented in this case is whether the trial court erred in expanding the scope of a noticed case management hearing into a final hearing on appellee’s petition to determine paternity. Appellant, the mother, claims that she did not receive proper notice that a final hearing on appellee’s petition was going to proceed instead of the case management conference which had been noticed. We agree and find that the trial court erred.
Appellee filed a petition to determine paternity and to award him parental responsibility and custody. The court sent a notice of a case management conference to the mother at an address she had previously provided. The postal service returned the notice as “Not Deliverable as Addressed — Unable to Forward.”
After the case management conference, the trial court rendered a final judgment of paternity, parental responsibility, child access and support. The trial court noted that appellant was not present, and that the notice had been returned as undeliverable.
The trial court found appellee to be the natural and biological father of the child. The court granted appellee sole parental responsibility. The court ordered appellant to pay $1,251 a month in child support, as well as be responsible for 84% of the child’s medical expenses.
Appellant filed a motion for relief from final judgment pursuant to rule 1.540(b)(4), claiming that the judgment should be vacated as void since the trial court violated her due process rights. The trial court denied appellant’s motion for relief and this appeal ensued.
We review the trial court’s denial of the motion for relief from judgment for *1037 abuse of discretion. Sehuman v. Int’l Consumer Corp., 50 So.3d 75 (Fla. 4th DCA 2010). Florida Rule of Civil Procedure 1.540(b)(4) provides: “On motion and upon such terms as are just, the court may relieve a party ... from a final judgment” where “the judgment or decree is void.” As this court has explained:
A judgment is void if, in the proceedings leading up to the judgment, there is “[a] violation of the due process guarantee of notice and an opportunity to be heard.... Generally, due process requires fair notice and a real opportunity to be heard and defend in an orderly procedure before judgment is rendered.”
Shiver v. Wharton, 9 So.3d 687, 690 (Fla. 4th DCA 2009) (quoting Viets v. Am. Recruiters Enters., 922 So.2d 1090, 1095 (Fla. 4th DCA 2006)).
We find that the trial court erred in denying the motion for relief from judgment, since the trial court improperly conducted a final evidentiary hearing when only a case management conference had been scheduled. A trial court violates a party’s due process rights “when it expands the scope of a hearing to address and determine matters not noticed for hearing.” Margulies v. Margulies, 528 So.2d 957, 959 (Fla. 3d DCA 1988).
In Illanes v. Gutierrez, 972 So.2d 222 (Fla. 3d DCA 2007), the trial court modified visitation after a noticed case management conference. The appellate court granted a petition for writ of certiorari and quashed the order modifying visitation because “there was no notice in the case management order that visitation would be discussed or a modification considered at the case management hearing.” Id. at 223. “Florida courts have repeatedly held that it is a violation of a parent’s due process rights for a court to modify visitation in a final judgment unless the issue of modification is properly presented to it by written pleadings, noticed to the parties, or litigated below.” Id. (citation omitted). Similarly, in the present ease, the parties were not noticed nor were the issues relating to the final hearing properly presented, and as such, appellant’s due process rights were violated.[1]
In conclusion, we find the trial court erred in summarily denying appellant’s motion. The trial court denied appellant’s due process rights by proceeding with the evidentiary hearing after notifying appellant only of a case management conference. We thus reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

TAYLOR and GERBER, JJ., concur.

. Appellant also objects to the portion of the final judgment awarding appellee child support even though appellee did not request such relief in his petition. We agree this was in error. "A trial court lacks jurisdiction to enter any judgment on an issue not raised by the pleadings.” Newberry v. Newberry, 831 So.2d 749, 751 (Fla. 5th DCA 2002).