ORFINGER, J.
The former husband, Peter Haeberli, appeals a non-final order granting the former wife’s, Ayla B. Haeberli’s, post-dissolution of marriage motions for contempt. The former husband argues that he was denied due process when the trial court ruled on motions that had not been noticed for hearing. We agree and reverse.
The former wife filed motions to hold the former husband in contempt on March 24, 2014, April 2, 2014, and April 10, 2014. Only the March 24th motion was set for a hearing. The former husband asked to appear by telephone, and the former wife objected. The trial court never ruled on the former husband’s request for a telephonic hearing, and the former husband did not attend, telephonieally or otherwise. The hearing proceeded, as scheduled; however, the trial court .failed to rule on the March 24th contempt motion, the only motion that had been noticed. Instead, it ruled on the other two motions, neither of which had been noticed for hearing.
The former wife concedes that the motions ruled on by the trial court were not noticed to be heard at the scheduled hearing. While a person facing civil contempt sanctions is not entitled to the full panoply of due process rights afforded to a person facing indirect criminal contempt charges, he or she is nonetheless entitled to a proceeding that meets the fundamental fairness requirements of the due process clause of the Fourteenth Amendment to the United States Constitution. Bresch v. Henderson, 761 So.2d 449, 451 (Fla. 2d DCA 2000) (citing Andrews v. Walton, 428 So.2d 663 (Fla.1983)). Such fundamental fairness includes providing the alleged contemnor with adequate notice and an opportunity to be heard. Id. (citing Int’l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 114 S.Ct. 2552,129 L.Ed.2d 642 (1994)). The failure to provide the former husband with any notice that the April 2, and 10, 2014, motions for contempt would be considered at the hearing requires reversal and a new hearing.[1]
REVERSED and REMANDED.
EVANDER and COHEN, JJ., concur.

. We also note that the order fails to include any factual findings. An order finding the alleged contemnor to be in contempt shall contain a finding that a prior order of support was entered, the alleged contemnor has failed to pay part or all of the support ordered, the alleged contemnor had the present ability to pay support, and the alleged contemnor willfully failed to comply with the prior court order. The order shall "contain a recital of the facts on which these findings are based.” Fla. Fam. L.R.P. 12.615(d)(1); see Ramirez v. Ramirez, 84 So.3d 434, 434 (Fla. 4th DCA 2012) (reversing contempt order because it did not "include the required findings that appellant had the present ability to pay the support and that he willfully refused to comply with the prior court order, and fail[ed] to contain a recital of the facts on which those findings were based”).