IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

LOLITA B. CARSON-GRAYSON,

      Appellant,

 v.                                                                Case No.  5D17-2381

ALAN GRAYSON,

      Appellee.

_____/

Opinion filed May 25, 2018

Non-Final Appeal from the Circuit
Court for Orange County,
Tanya Davis Wilson, Judge.

Lisa J. Ramsey, of Ramsey Law, PLLC,
Oviedo, for Appellant.

Kenneth D. Morse, of Kenneth D. Morse,
P.A., Heathrow, for Appellee.


ORFINGER, J.

      Lolita B. Carson-Grayson appeals a non-final order conveying her interest in certain property to Alan Grayson.  She argues that she was denied due process when the trial court ruled on motions at a hearing that had been noticed only as a scheduling conference.  We agree and reverse.[1]

---

[1] We have jurisdiction.  Fla. R. App. P. 9.130(a)(3)(C)(ii), (iii)a.; see Austin v. Austin, 120 So. 3d 669, 670 (Fla. 1st DCA 2013) (holding that order directing liquidation

This litigation began when Ms. Carson-Grayson filed a petition for dissolution of marriage. Mr. Grayson filed a counterclaim seeking annulment, a determination of paternity, and asserting various claims relating to the parties' jointly held property. Following a judgment of annulment of the parties' marriage, Mr. Grayson filed two motions, seeking the transfer of Ms. Carson-Grayson's interest in property to him. He noticed both motions for a full hearing on July 7. Soon thereafter, he filed a second notice setting a short hearing for June 22 for the purpose of "asking for set hearing time for" the motions.

Ms. Carson-Grayson, who was pro se at the time, did not attend the June 22 hearing. Despite being noticed only as a scheduling conference, the court considered and granted both of Mr. Grayson's motions and subsequently entered the order on appeal. The order stated that it was made "on the basis of the evidence and legal argument therein, and considering any opposition filed thereto."[2] Nonetheless, the court kept the July 7 hearing on the docket, which Mr. Grayson then re-noticed for a different

of assets and disbursement of funds was appealable interlocutory order under rule 9.130(a)(3)(C)(ii) and (iii)); see also Weiser v. Weiser, 132 So. 3d 309, 310-11 (Fla. 4th DCA 2014) (permitting review of allegation of due process violation even where appellant failed to preserve ruling for appeal because such violations are fundamental error).

[2] The trial court had jurisdiction to enter the order on appeal. See Haritos v. Haritos, 193 So. 3d 1050, 1052 (Fla. 2d DCA 2016) (holding that final judgment of dissolution of marriage was "a partial final judgment insofar as the marital status of the parties was concerned"); Bland v. Bland, 971 So. 2d 210, 212 (Fla. 5th DCA 2007) (holding that order dissolving marriage and reserving jurisdiction to determine all other issues is partial final judgment); State v. N.F., 924 So. 2d 912, 913 (Fla. 5th DCA 2006) ("The test to determine whether an order is final . . . is whether the case is disposed of by the order and whether a question remains open for judicial determination. In other words, a final decree marks the end of judicial labor." (quoting Prime Orlando Props., Inc. v. Dep't of Bus. Regulation, Div. of Land Sales, Condos. & Mobile Homes, 502 So. 2d 456, 459 (Fla. 1st DCA 1986))).

matter. Ms. Carson-Grayson appeared at the July 7 hearing, but the court refused to address the property distribution motions because they had already been resolved.

"Due process requires that a party 'be given . . . a real opportunity to be heard and defend in an orderly procedure, before judgment is rendered against him.'" VMD Fin. Servs., Inc. v. CB Loan Purchase Assocs., LLC, 68 So. 3d 997, 999 (Fla. 4th DCA 2011) (quoting Burch v. City of Lakeland, 891 So. 2d 654, 656 (Fla. 2d DCA 2005)). Violations of due process rights are fundamental error. Kilnapp v. Kilnapp, 140 So. 3d 1051, 1053 (Fla. 4th DCA 2014). A court violates a party's due process rights by expanding the scope of a hearing without proper notice. Haeberli v. Haeberli, 157 So. 3d 489, 490 (Fla. 5th DCA 2015) (holding that court violated due process by considering one motion at hearing that was scheduled and noticed for different motion); see Shah v. Shah, 178 So. 3d 70, 71 (Fla. 3d DCA 2015) (holding that court violated due process by noticing hearing as status conference but then treating it as final hearing and entering final judgment); Rodriguez v. Santana, 76 So. 3d 1035, 1037 (Fla. 4th DCA 2011) (holding that court violated due process rights by conducting final evidentiary hearing when only case management conference had been scheduled and noticed).

The court's failure to provide Ms. Carson-Grayson with any notice that the merits of the motions would be determined at the June 22 hearing requires reversal and a new hearing.

REVERSED and REMANDED.

SAWAYA and EDWARDS, JJ., concur.

3