# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D23-0152
LT Case No. 2021 CA 005083

_____

KIRKPATRICK TRUST, a FLORIDA
LAND TRUST DATED JULY 1,
2021,

    Appellant,

    v.

LAKEVIEW LOAN SERVICES,
LLC., DARCHEL HOUSTON, et al.,

    Appellees.

_____

On appeal from the Circuit Court for Duval County.
A.C. Soud, Jr., Judge.

Rafael F. Garcia, of Ralph F. Garcia, PLLC, Longwood, for
Appellant.

Thomas A. Valdez and Megan G. Colter, of Quintairos, Prieto,
Wood & Boyer, P.A., Tampa, for Appellee.

January 12, 2024


KILBANE, J.

    Kirkpatrick Trust, a Florida Land Trust dated July 1, 2021
("the Trust"), appeals the trial court's order denying the Trust's
motion to intervene in this foreclosure proceeding, which it heard

and ruled upon at a case management conference. The Trust asserts that it was denied due process because it was not given notice that its motion would be considered at the conference. We agree and reverse.[1]

Appellee, Lakeview Loan Servicing, LLC ("Lakeview"), filed the action below to foreclose on a mortgage on residential real property. The Trust filed a motion to intervene, claiming an ownership interest in the property, and Lakeview filed a written response. During the pendency of the case and while the motion to intervene remained pending, Lakeview filed a notice of case management conference. That notice did not indicate that the motion to intervene, or any other motion, would be heard at the conference.[2] While the Trust was provided timely notice of the conference, no one appeared on the Trust's behalf. The trial court's order establishes that it heard the motion, considered it, heard argument from the party present—Lakeview—and denied the Trust's motion to intervene at that conference.

Courts have all but foreclosed fundamental error in civil cases. *Grau v. Branham,* 761 So. 2d 375, 378 (Fla. 4th DCA 2000). Nonetheless, basic principles of due process must be observed. "Fundamental error occurs when the error goes 'to the heart of a trial and vitiate[s] its fairness.'" *Weiser v. Weiser,* 132 So. 3d 309, 310–11 (Fla. 4th DCA 2014) (citation omitted). As such, the denial of "the opportunity to be heard, to testify, and to present evidence," generally results in fundamental error. "A trial court 'provides due

---

[1] We have jurisdiction. *See Superior Fence & Rail of N. Fla. v. Lucas*, 35 So. 3d 104, 105 (Fla. 5th DCA 2010) (en banc).

[2] The trial court's initial case management order stated in pertinent part, "[a]t the hearing the Court may . . . facilitate the elimination of legal or factual issues." Because that order setting the initial case management conference is not at issue here, and the notice of case management conference filed by Lakeview did not contain that or similar language, we do not express a view as to whether this language would have constituted sufficient notice to the Trust that their pending motion to intervene, or any other motion, might be heard at that conference.

process if the complaining party was given notice and an opportunity to be heard.'" *Thomas v. Cromer,* 276 So. 3d 69, 72 (Fla. 3d DCA 2019) (quoting *Nationstar Mortg., LLC v. Weiler*, 227 So. 3d 181, 183 (Fla. 2d DCA 2017)).

> To be sufficient, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.  The notice must . . . convey the required information, and it must afford a reasonable time for those interested to make their appearance."

*J.G.G. v. M.S.,* 312 So. 3d 509, 511 (Fla. 5th DCA 2020) (alteration in original) (quoting *De Leon v. Collazo,* 178 So. 3d 906, 908 (Fla. 3d DCA 2015)).  As such, "[a] court violates a party's due process rights by expanding the scope of a hearing without proper notice." *Carson-Grayson v. Grayson,* 247 So. 3d 675, 676 (Fla. 5th DCA 2018) (citing *Haeberli v. Haeberli*, 157 So. 3d 489, 490 (Fla. 5th DCA 2015) (reversing rulings on motions not included in notice of hearing); *Shah v. Shah*, 178 So. 3d 70, 71 (Fla. 3d DCA 2015) (reversing ruling made at conference not noticed for such purpose); *Rodriguez v. Santana*, 76 So. 3d 1035, 1037 (Fla. 4th DCA 2011) (reversing paternity decision made at conference not noticed for that purpose)).

Case management conferences can be helpful tools for both judges and litigants.  Due to the expansive nature of such conferences, it requires focus on the notice itself to determine what may be properly addressed at the conference and what must be left for another day.  Florida Rule of Civil Procedure 1.200(a), which governs case management conferences, requires that "[t]he matter to be considered *must* be specified in the order or notice setting the conference."  (emphasis added).

Here, the notice failed to indicate that any substantive matters might be heard at the case management conference.  Therefore, hearing the Trust's motion without notice and without the consent of both parties that they were prepared to go forward with the unnoticed motion violated the Trust's procedural due process rights and constituted fundamental error.  While the court

was not required to have a hearing on such a motion,[3] once it chose to do so, due process was required.

Importantly, the violation of procedural due process in this case deprived the Trust of notice and opportunity to be heard on a critical issue – whether the Trust could participate in the case as a party. We have no trouble concluding that this violation of due process went to "the heart of the trial and vitiates its fairness."

Accordingly, we reverse the trial court's order denying the Trust's motion to intervene and remand it for a properly noticed hearing.[4]

REVERSED and REMANDED.

LAMBERT and EISNAUGLE, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

[3] While hearings on certain motions are required by rule or statute, this is not so for a motion to intervene, including one governed by section 48.23(1)(d), Florida Statutes. *See* Fla. R. Civ. P. 1.230; § 48.23(1)(d), Fla. Stat. (2021).

[4] We express no opinion regarding the merits of the Trust's motion to intervene.

4