SHAHOOD, Judge.
Appellant, Ruth Schneider (“former wife”), appeals from an order denying her motion for rehearing of final judgment of dissolution rendered by the Palm Beach County Circuit Court. Treating appellant’s motion for rehearing as a motion for relief from judgment, pursuant to Florida Rule of Civil Procedure 1.540(b), we find that final judgment was improperly entered against former wife and reverse and remand for a new trial.
Former wife filed her petition for dissolution of marriage in June 1993. Appellee, Clyde Schneider (“former husband”), counter-petitioned for dissolution. In his coun-terpetition, former husband alleged “Rasputin-like conduct” on the part of former wife, claiming that she had drugged him in order to appropriate his assets to her own benefit. Specifically, former husband claimed that former wife had used a power of attorney to fraudulently gain an ownership interest in the marital residence, which had been his prior, non-marital asset.
In July 1993, former husband filed a motion to disqualify former "wife’s attorney, Frank Cibula, Jr., on grounds that Cibula’s associate, Donna Slebonik, had prepared the power of attorney and deed which gave former wife an interest in the marital residence. He alleged that, as a result of her involvement in the transaction, Slebonik would be a material witness. In October 1993, shortly *188 after setting the case for a non-jury trial, the trial court granted former husband’s motion to disqualify Cibula as former wife’s attorney and abated the action for thirty (30) days, with the exception of setting the cause for trial, in order to allow former wife to secure new counsel. In its order granting former husband’s motion to disqualify, the trial court noted that:
Since the Wife does not wish to divulge her current address and Frank Cibula agrees to act as her agent for the purposes of receiving notice, all mail to the Wife shall be sent in care of Frank G. Cibula, Jr., Esquire, 1551 Forum Place, Suite 2000-D, West Palm Beach, Florida 33401, unless and until new counsel appears on her behalf. It is incumbent upon the Wife to provide Frank Cibula with her mailing address so he may forward all notifications to her.
Former wife did not attend calendar call in this matter in January 1994, or trial on February 3, 1994. Following trial, the trial court rendered final judgment of dissolution on former husband’s counterpetition on February 7, 1994. One week later, on February 14, 1994, former wife, acting pro se, filed a petition for rehearing, alleging, inter alia, that she did not receive notice of trial or any other filings by opposing counsel, i.e., pretrial statements, that would have informed her of the date of trial. This motion was denied by the trial court.
In order to obtain relief pursuant to rule 1.540(b), the party seeking relief must demonstrate: (1) excusable neglect in failing to respond; (2) meritorious defense; and (3) that the party acted with due diligence in seeking relief. See Schwartz v. Business Cards Tomorrow, Inc., 644 So.2d 611 (Fla. 4th DCA 1994).
In this case, we find that former wife has satisfied all three requirements. Based upon the record, we find that former wife’s failure to attend the calendar call or trial in this matter was the result of the failure of her former attorney to properly forward the notice of trial or any other filings to her, as directed by court order. While we are mindful of the affirmative duty placed upon litigants to monitor the litigation and to make themselves available for trial, see Urbanek v. R.D. Schmaltz, Inc., 573 So.2d 107 (Fla. 4th DCA 1991), we do not find that former wife had failed to meet her obligation. Rather, former wife’s failure to attend the calendar call or trial was the result of excusable neglect.
Moreover, we find that former wife has demonstrated both a meritorious defense and due diligence in seeking relief from the trial court’s final judgment. First, as to her defense, former wife disputes former husband’s allegations of deceit and trickery. If, at trial, former wife were to prevail on her own petition for dissolution, she may have been entitled to an equitable distribution. Second, as to her due diligence, the record indicates that former wife acted promptly in seeking relief from judgment, having filed her petition within one week after the trial court’s final judgment was rendered.
In reversing and remanding for further proceedings, we also direct the trial court to conduct a hearing on the entitlement of either party to attorney’s fees pursuant to section 61.16, Florida Statutes (1995). We instruct the court to determine whether either party has asserted a legitimate need for attorney’s fees and whether the other has the ability to pay such an award.
Reverse and remand.
WARNER and PARIENTE, JJ., concur.