775 So.2d 361 (2000)
Debra A. VARRIEUR, Appellant,
v.
Douglas B. VARRIEUR, Appellee.
No. 3D99-1904.
District Court of Appeal of Florida, Third District.
November 1, 2000.
Rehearing Denied January 10, 2001.
*362 Browning, Eden, Direci & Klitenick, and Richard M. Klitenick, and Erin Larabee (Key West), for appellant.
David L. Manz (Marathon), for appellee.
Before GERSTEN, and RAMIREZ, JJ., and NESBITT, Senior Judge.
GERSTEN, J.
Debra A. Varrieur ("Former Wife"), appeals the denial of her motion to set aside a final judgment of dissolution claiming reversible error in allowing the parties to proceed under the simplified dissolution procedures, without filing financial affidavits pursuant to Florida Family Rule 12.105(c). We disagree and affirm.
During the Former Wife's marriage to appellee, Douglas B. Varrieur ("Former Husband"), both worked together in buying and selling a number of businesses. By the time of separation, they had amassed a substantial amount of property. After the Former Husband filed a simplified dissolution petition, the parties mutually divided all of the real property and marital assets, and signed a partnership agreement. The partnership agreement provided that the parties' rental properties would be jointly owned and operated, and that the rentals would be distributed equally.
The trial court entered a final judgment of dissolution after the Former Wife testified under oath that she was not coerced, and that the marital property had been divided. Neither party objected to the proposed financial settlement, and neither party filed a financial affidavit.
Thereafter, the jointly owned rental properties sustained substantial hurricane damage, and rental income ceased. Disagreements arose concerning repair work and distribution of insurance proceeds, and the Former Wife filed an emergency petition to set aside the final judgment.
At hearings, the Former Wife testified that she had extensive knowledge regarding the economic history of the marriage and the parties' finances at the time of dissolution. After conducting a thorough inquiry, the trial court denied the Former Wife's petition finding that she was not coerced, and that she made "a knowing, voluntary, alert, free, and uncoerced decision in the Dissolution and Property Settlement." The Former Wife now appeals the denial of her petition claiming that filing a financial affidavit is a mandatory requirement in simplified dissolution proceedings under Rule 12.105.[1]
There are two distinct family law rules of procedure concerning disclosure requirements in dissolution cases; Rule 12.105 and Rule 12.285. Rule 12.105 sets forth the disclosure requirements in simplified dissolution proceedings, and Rule 12.285 sets forth the disclosure requirements in all other initial and supplemental dissolution proceedings. Although it is true that the requirement of filing a financial affidavit is mandatory and cannot be waived under Rule 12.285, this is not the case for simplified procedures under Rule 12.105.
Rule 12.285 contains specific language which states that the financial affidavit requirement "cannot be waived by the parties."[2] There is no such language in Rule 12.105 for simplified dissolution proceedings. Moreover, Rule 12.285 specifically excludes simplified dissolution proceedings *363 and uncontested dissolutions from its requirements.[3] If the Supreme Court had intended to prohibit waiver in Rule 12.105, it would have included an explicit statement to that effect, just as it did in Rule 12.285. See Leisure Resorts, Inc. v. Frank J. Rooney, Inc., 654 So.2d 911 (Fla.1995). The deliberate exclusion of this language evidences a different meaning was intended with regard to financial disclosure in simplified dissolution proceedings. See Ocasio v. Bureau of Crimes Compensation Division of Workers' Compensation, 408 So.2d 751 (Fla. 3d DCA 1982).
Keeping these principles in mind, we find that a party may waive the filing of a financial affidavit in a simplified proceeding under Rule 12.105 by failing to object at trial. Such a waiver will be upheld where there is no showing of prejudice and the record demonstrates competent substantial evidence supports the final award. See Vaccaro v. Vaccaro, 677 So.2d 918, 922 (Fla. 5th DCA 1996); Seinfeld v. Seinfeld, 363 So.2d 19 (Fla. 3d DCA 1978).
Here, neither party requested a financial affidavit, nor objected to proceeding without financial affidavits, and there is competent substantial evidence that both parties had knowledge of the family's personal and business finances. Moreover, the agreed distribution of marital assets at the time of dissolution was considered by the parties and the court to be equitable. Under these circumstances, we find that the filing of a financial affidavit was waived. Accordingly, the order below is affirmed.
Affirmed.
NOTES
[1] Florida Family Law Rule 12.105 states that in simplified dissolution procedures: "The parties must each file a financial affidavit (Family Law Form 12.901(d) or 12.901(e)) and a marital settlement agreement (Family Law Form 12.901(h)(3))."
[2] Rule 12.285, subsection(d), sets forth the mandatory disclosure requirements for initial or supplemental proceedings and provides that the filing of a financial affidavit is a "requirement" that "cannot be waived by the parties." Fla.Fam.L.R.P. 12.285(d). Similarly, subsection (c)(1) of Rule 12.285, provides the financial affidavit requirement "cannot be waived by the parties" in proceedings for temporary financial relief. Fla.Fam.L.R.P. 12.285(c)(1).
[3] Rule 12.285(a)(1) states: "This rule shall apply to all proceedings within the scope of these rules except proceedings involving ... simplified dissolution...."