776 So.2d 986 (2001)
Agnes Stern SALCZMAN, Appellant,
v.
Menasze JOQUIEL, Appellee.
No. 3D99-2517.
District Court of Appeal of Florida, Third District.
January 17, 2001.
*987 Abrams, Etter & Marks, P.A. and Deborah Marks, North Miami, for appellant.
Irving Joseph Gonzalez, for appellee.
Before LEVY, GREEN, and SORONDO, JJ.
GREEN, J.
The former wife and former husband, Agnes Salczman and Menasze Joquiel, have joined forces to appeal an order entered simultaneously with their final dissolution of marriage judgment, requiring each of them to file financial affidavits, over their objections, pursuant to Rule 12.285, Florida Rules of Family Law Procedure, under penalty of contempt. On this appeal, they argue that since there were no financial issues presented to the court for its determination, any division of the requirement of financial affidavits violates their constitutional right to privacy guaranteed by Article I, Section 23 of the Florida Constitution.
Both parties were in their mid-to-late sixties when they entered into the marriage. Each had been married previously and was financially secure. In anticipation of their marriage, both parties, with the benefit of counsel and full disclosure, executed an antenuptial agreement. This agreement essentially provided that each would retain his or her premarital property and that in the event of a marital dissolution, anything jointly titled would be divided equally and that neither party would be entitled to any form of spousal support from the other.
The parties separated after only three years of marriage. The former wife filed a verified petition for the dissolution of marriage, wherein she averred that the terms of the antenuptial agreement should be fully enforced. She sought no financial support or relief from the former husband. The former husband filed his answer admitting all of the allegations contained in the petition and requested that the only two jointly titled assets of the parties, an automobile and a bank account, be divided equally between the parties pursuant to the antenuptial agreement. Thereafter, the parties amicably disposed of the two jointly titled assets pursuant to the terms of the antenuptial agreement prior to the final hearing before the court below.
The trial court entered a final judgment granting the dissolution of marriage that incorporated the parties' antenuptial agreement. In so doing, the court found the agreement to be fair and reasonable on its face and entered into after full disclosure by the parties. Further, the trial court found that the parties had, in fact, divided all of their assets and liabilities in accordance with their agreement and that no further financial issues remained for it to decide.
Simultaneous with the entry of the final judgment of dissolution, the trial court sua sponte entered an Order to Complete requiring both parties to submit financial affidavits pursuant to Rule 12.285 by a date certain, over the objection of the parties. The court provided that the affidavits would be submitted under seal. The order further specified that the parties' failure to comply with this order would subject them to contempt of court. If is from this order that the instant appeal was jointly taken by the parties.
On this appeal, the parties argue that the order requiring them to submit financial affidavits in their dissolution action pursuant to Rule 12.285, where there were no financial issues presented to the trial court for its consideration, violates their constitutional right to privacy as guaranteed by Article I, Section 23 of the Florida Constitution. We conclude, however, that it is unnecessary for us to reach this constitutional issue, as the language of the rule itself renders it inapplicable to the facts of this case.
*988 The language of Rule 12.285(d)(1) provides in relevant part that:
A party shall serve the following documents in any proceeding for an initial or supplemental request for permanent financial relief, including, but not limited to, a request for child support, alimony, equitable distribution of assets or debts, or attorneys' fees, suit money, or costs:

(1) A financial affidavit in substantial conformity with Family Law Form 12.901(d) ..., which requirement cannot be waived by the parties. (emphasis added).
As we read the plain language of this rule, financial affidavits are required (and non-waivable by the parties) where there has been an initial or supplemental request for permanent financial relief. That is, under this rule, where a party seeks to have the court make an award of permanent financial relief such as child support, alimony, equitable distribution of assets or debts, etc., financial affidavits are mandatory. It stands to reason then, that if a court in a dissolution proceeding under this rule, is not being called upon to award any permanent financial relief to a party, financial affidavits are not required and are indeed wholly irrelevant to the proceeding. See Alligood v. Florida Real Estate Comm'n, 156 So.2d 705 (Fla. 2d DCA 1963) (where the intent of a statute is plain and unambiguous, there is no necessity for any construction or interpretation, and the courts need only give effect to the plain meaning of its terms). See also State v. Egan, 287 So.2d 1 (Fla.1973).
In this case, the former wife never requested any form of permanent financial relief from the former husband in the petition for dissolution. Although, the former husband in his answer requested the equitable distribution of the parties' two jointly titled assets, he and the former wife resolved this issue amongst themselves in accordance with the terms of their antenuptial agreement prior to the final hearing before the lower court. Having found this agreement to be fair and reasonable on its face and entered into after full disclosure between the parties, the court was presented with absolutely no issue as to permanent financial relief for either party. Thus, the filing of financial affidavits would serve no purpose under the facts of this case and we do not believe that the rule mandates that they be filed.
Accordingly, we reverse the Order to Complete and affirm the Final Judgment granting Dissolution of Marriage in all other respects.