848 So.2d 496 (2003)
Richard Collins MAGANN, Appellant,
v.
Leonor Ann Compoamor MAGANN, Appellee.
No. 2D02-2720.
District Court of Appeal of Florida, Second District.
July 9, 2003.
*497 Virginia R. Vetter, Tampa, for Appellant.
Clifton C. Curry, Jr., and Christopher K. Pegg of Law Offices of Curry & Associates, P.A., Brandon, for Appellee.
COVINGTON, Judge.
The former husband, Richard Collins Magann, appeals the order enforcing the final judgment of dissolution of marriage. On appeal he submits that because the former wife had not filed a financial affidavit, the trial court erred in increasing the amount of ongoing and retroactive child support. We agree and remand for a new trial so that the appropriate evidence can be received.
The parties were divorced on January 15, 1998. The final judgment of dissolution of marriage incorporated a marital settlement agreement that the parties had entered into on December 10, 1997. Under the provisions of the agreement, child support payments of $1092 per month would continue for eighteen months at which time the child support would "be recalculated according to the guidelines using the parties' then-existing income." The agreement also contained a provision that the parties would seek mediation if they could not together resolve a conflict. On March 1, 2001, the former wife filed a motion for enforcement of the final judgment alleging that the former husband had refused to attend mediation after the eighteen-month period expired.[1]
At the December 18, 2001, hearing on the former wife's motion for enforcement, several errors occurred. First, the former wife's financial affidavit was not made a part of the trial record, even though the transcript contains references to the affidavit. It is unclear why the former wife's financial affidavit is not a part of the record. At the hearing, the former husband objected to the child support award being recalculated without the former wife filing her financial affidavit. The court granted the former wife's motion to reopen the evidence and admit her affidavit. In fact, the court specifically noted that the financial affidavits of both parties would be received into evidence. Irrespective of whether the former wife's financial affidavit was formally received into evidence, the record before us does *498 not include it. We agree that without the former wife's financial affidavit her income and actual child care expenses cannot be determined.
Additionally, while the former husband testified about his gross income for the year 2000, no evidence showed his net income for 1999 or 2000. See Thilem v. Thilem, 662 So.2d 1314, 1316 (Fla. 3d DCA 1995) (holding that "the trial court erred in failing to distinguish gross from net income, which is crucial to properly applying the guidelines"). Finally, in calculating the child support, the trial court erred by failing to take into consideration the $125.04 per month the former husband paid for his own health insurance. See Penalver v. Columbo, 810 So.2d 563, 565 (Fla. 2d DCA 2002) (reversing for failure to permit a deduction from gross income for the cost of health insurance in calculating both retroactive and current child support).
We reverse and remand for a new trial so that the appropriate evidence can be offered and the child support award can be correctly calculated. This opinion is without prejudice for the trial court to order child support retroactive to the expiration of the eighteen-month period mentioned in the settlement agreement.
Reversed and remanded.
ALTENBERND, C.J., and CASANUEVA J., Concur.
NOTES
[1] The parties wisely entered into a settlement agreement that included a mediation provision. Unfortunately, the former husband refused on numerous occasions to attend mediation. Consequently, he left the former wife with no choice but to file the motion to enforce the final judgment. In doing so, she had to retain the services of an attorney to represent her, and the former husband likewise has had to obtain the services of an attorney. As a result, both parties have been obligated to pay legal fees for these services. While we have concluded that this matter should be remanded for a new trial, in no way do we condone the former husband's behavior.