970 So.2d 933 (2008)
John D. KELNER, Appellant,
v.
Carol J. KELNER, Appellee.
No. 4D07-380.
District Court of Appeal of Florida, Fourth District.
January 2, 2008.
John D. Kelner, Hollywood, pro se.
Carol J. Kelner, Plantation, pro se.
SHAHOOD, C.J.
John D. Kelner, Esq. ("husband") appeals the trial court's final order of dismissal of joint petition for simplified dissolution of marriage. Carol J. Kelner ("wife") agrees with husband's position in this appeal. The parties argue the trial court erred in dismissing their joint petition based on their failure to file financial affidavits. We agree and reverse.
Husband and wife were married to each other in January 2004. They filed a joint petition for simplified dissolution of marriage approximately three years later. The petition stated that the parties had already divided and removed the marital property pursuant to a fair and equitable marital settlement agreement dividing *934 their marital assets and liabilities. The parties asked the court to end the marriage and approve the marital settlement agreement.
The parties executed and filed a joint affidavit of waiver of financial affidavits in conjunction with the petition. The affidavit stated that each of them had detailed knowledge of the business and personal finances of the other. It further stated that the parties had already agreed on the distribution of marital assets and both parties considered the distribution equitable. The affidavit expressed the parties' intentions to waive the filing of financial affidavits under rule 12.105, Florida Family Rules of Procedure.
At the hearing, husband informed the court that the parties had not filed financial affidavits and had filed the waiver. The trial court stated that the simplified rules of dissolution required financial affidavits. The court decided it would not proceed until financial affidavits were filed and gave the parties thirty days to file them. The court entered a written order stating that the case would be dismissed without further hearing if the parties failed to file financial affidavits. Husband requested rehearing, arguing the court's insistence on financial affidavits was inconsistent with the relevant rules of procedure and case law. Despite husband's efforts, the trial court dismissed the case a week after the hearing based on the parties' representations that they would not comply with the court's order requiring financial affidavits. This appeal followed.
The sole issue in this appeal is whether the parties to a simplified dissolution of marriage may waive the filing of financial affidavits. Rule 12.105(c), Florida Family Law Rules of Procedure, provides that in simplified dissolution proceedings, "[t]he parties must each file a financial affidavit (Florida Family Law Rules of Procedure Form 12.902(b) or 12.902(c)), and a marital settlement agreement (Florida Family Law Rules of Procedure Form 12.902(f)(3))." In non-simplified dissolution proceedings, rule 12.285 requires the filing of a financial affidavit and specifically states that parties may not waive the requirement. See Fla. Fam. L.R.P. 12.285(c)-(d).
The issue of the waiver of financial affidavits in simplified dissolution has been addressed before. In Varrieur v. Varrieur, 775 So.2d 361, 362 (Fla. 3d DCA 2000), the parties to a simplified dissolution proceeding obtained a final judgment of dissolution without either party filing a financial affidavit or objecting to the other party's failure to file one. The parties had previously divided up their marital assets and signed a partnership agreement to govern the operation of their jointly owned rental properties. Id. The wife later petitioned to have the final judgment set aside. The trial court denied the petition, finding the wife's decision to accept the previous division of property and partnership agreement was knowing and voluntary. Id.
On appeal, the wife argued that a financial affidavit is a mandatory requirement in simplified dissolution proceedings. The court noted that, although rule 12.105 governing simplified dissolution states the parties "must each file a financial affidavit," that rule does not contain the language specifically preventing waiver found in rule 12.285. Id. at 362-63. The court reasoned that "[t]he deliberate exclusion of this language evidences a different meaning was intended with regard to financial disclosure in simplified dissolution proceedings." Id. at 363. The court concluded that "a party may waive the filing of a financial affidavit in a simplified proceeding under Rule 12.105 by failing to object at trial. Such a waiver will be upheld where there is no showing of prejudice and *935 the record demonstrates competent substantial evidence supports the final award." Id. See also Dyke v. Dyke, 837 So.2d 584, 587 (Fla. 5th DCA 2003) (holding that even if trial court erred by proceeding without financial affidavit from wife, lack of affidavit did not deprive trial court of jurisdiction and error was waived by failure to object at final hearing).
Salczman v. Joquiel, 776 So.2d 986, 987 (Fla. 3d DCA 2001), is a case with similar facts, but involving non-simplified dissolution under rule 12.285. In Salczman, the court held that the rule's plain language requires the parties to file financial affidavits only where there has been a request for permanent financial relief. 776 So.2d at 988. The husband and wife in Salczman sought no financial support from one another and had divided their jointly owned assets equally in accordance with the terms of a prenuptial agreement prior to final hearing. Id. at 987-88. The court reasoned that in the absence of a request for permanent financial relief, "financial affidavits are not required and are indeed wholly irrelevant to the proceeding." Id. at 988.
In the present case, the parties had already divided the property according to a marital settlement agreement. Additionally, neither party sought financial support from the other. It follows from the cases discussed above that parties to a simplified dissolution may waive the filing of financial affidavits under the circumstances presented here notwithstanding the language in rule 12.105. We therefore hold that the trial court erred in dismissing the parties' petition for dissolution of marriage.
Reversed.
FARMER and TAYLOR, JJ., concur.