ON CONFESSION OF ERROR
 

 WELLS, Judge.
 

 Ari Palewsky appeals from an order approving a magistrate’s report determining paternity and awarding child support. On the Department of Revenue’s proper confession of error regarding the award of child support absent a child support guidelines worksheet, we reverse the support award and remand for an evidentiary hearing on the amount of support to be awarded.
 
 See
 
 Fla. Fam. L.R.P. 12.285(j) (“If the case involves child support, the parties shall file with the court at or prior to a hearing to establish or modify child support a Child Support Guidelines Worksheet .... This requirement cannot be waived by the parties.”);
 
 Durham v. Dep’t of Revenue ex rel Durham,
 
 850 So.2d 653, 654 (Fla. 2d DCA 2003) (finding that “given the mandatory language of [Rule 12.285(j) ] it was error for the trial court to modify Durham’s child support without the benefit of a guidelines worksheet”). In light of the fact that Palewsky does not contest paternity, we affirm the order on review on that point. Finding no merit to his claim that he is entitled to representation by the Public Defender’s office, we affirm the remainder of the order.
 
 See
 
 § 27.51(1), Fla. Stat. (2010) (authorizing appointment of the public defender to represent any person determined to be indigent and who is under arrest for or charged with: a felony or misdemeanor authorized for prosecution by the state attorney; a violation of chapter 316 punishable by imprisonment; criminal contempt; a violation of a special law or county or municipal ordinance ancillary to a state charge, or if not ancillary to a state charge only if the public defender contracts with the county or municipality to provide representation); § 409.2557(1)-(2), Fla. Stat. (2010) (designating the Department of Revenue as the state agency responsible for child support enforcement under Title IV-D of the Social Security Act and authorizing the Department of Revenue to commence both judicial and administrative proceedings to determine paternity and establish child support).
 

 The order on appeal is, therefore, affirmed in part and reversed in part and remanded for further proceedings consistent with this opinion.