PER CURIAM.
The appellant, Ari Palewsky, in this appeal from an order approving a magistrate’s report determining paternity and awarding child support, submits that, because the mother had not filed a financial affidavit, the trial court erred in determining the child support award. The appellee, the Department of Revenue, concedes that, in accordance with rule 12.285, Florida Family Law Rules of Procedure, both parties’ financial affidavits must be a part of the record, but argues that the absence of the mother’s affidavit was harmless error. Concluding that this error may not be considered harmless in this case, we reverse the support award and remand for an evidentiary hearing on the amount of support to be awarded.
In any proceeding for an initial request for permanent financial relief, including a request for child support, rule 12.285(e)(1), Florida Family Law Rules of Procedure, requires the filing of a financial affidavit by both parties and provides that this requirement cannot be waived. The Department of Revenue, citing Vaccaro v. Vaccaro, 677 So.2d 918, 923 (Fla. 5th DCA 1996), contends that, due to the appellant’s failure to file a transcript of the hearing, the record does not reflect whether Palew-sky objected to the absence of the mother’s financial affidavit and Palewsky has also failed to demonstrate prejudice. This argument, however, is unavailing given that rule 12.285(e)(1) does not allow a party to waive the filing of a financial affidavit, and, consequently, the presence or absence of Palewsky’s objection is irrelevant. See Daniel v. Daniel, 922 So.2d 1041, 1043 (Fla. 4th DCA 2006) (“The rule leaves no room for doubt that the filing of a financial affidavit is both mandatory and non-waiva-ble by the parties.”).
The Department of Revenue additionally argues that because minimum wage income was imputed to the mother, the absence of the financial affidavit is harmless error. While imputing minimum wage may be appropriate in some cases, without a financial affidavit, the trial court does not have a party’s formal, sworn financial position and cannot accurately determine whether imputing minimum wage income is appropriate in the case before the court. See Magann v. Magann, 848 So.2d 496, 497-98 (Fla. 2d DCA 2003) (concluding that without submitting the former wife’s financial affidavit into evidence the trial court could not determine the proper child support award).
As for the paternity determination, Pa-lewsky does not contest this issue on appeal, and, in addition, this Court has previously affirmed the lower court on this issue, Palewsky v. Department of Revenue, 61 So.3d 1227 (Fla. 3d DCA 2011). This determination is law of the case and we therefore affirm. See Valsecchi v. Proprietors Ins. Co., 502 So.2d 1310, 1311 (Fla. 3d DCA 1987) (recognizing that the law of case doctrine precludes consideration of points of law which were adjudicated in a prior appeal of same case).
The order on appeal is reversed in part, affirmed in part, and remanded for further proceedings in accordance with this opinion.