PER CURIAM.
Shannon Pullis (“former wife”), acting pro se, appeals from an order granting Michael G. Pullis, II (“former husband”) the right to claim their child as a dependent on his tax returns for the years 2012 and 2013, denying her motion for reconsideration of the trial court’s prior order establishing child support,[1] and awarding attorney’s fees to the former husband. For the reasons addressed below, we reverse.
I. FACTUAL AND PROCEDURAL HISTORY
In June 2010, the former husband filed a petition for dissolution of marriage. The parties have a seven-year-old son. The former wife, who was represented by counsel at the time, filed an answer and the case pi'oceeded to trial. Two days after the start of trial, the former wife filed a petition for relocation from Monroe County, Florida to Broward County, Florida. The former husband objected and trial was continued to allow the parties to properly address the issue of relocation. Trial resumed on April 5, 2011, and a final judg *939 ment was ultimately entered on April 29, 2011. The final judgment granted the former wife’s petition for relocation and ordered the former husband to pay child support in the amount of $125.00 per month, with a credit of $100 per month for transportation costs attributable to the former wife’s relocation to Broward County.
This child-support payment was to continue for three months from the date of entry of the final judgment, after which each party was to exchange financial information evidencing income and the parties’ child-support obligations were to be recalculated at that time. In December 2011, the former husband filed a motion to establish child support and enforce the final judgment. This motion was served on the former wife’s counsel. No response was filed on behalf of the former wife. A hearing on the motion was held on March 23, 2012. Neither counsel for the former wife nor the former wife appeared at the hearing. On April 2, 2012, the trial court entered an order granting the former husband’s motion to establish child support and enforce the final judgment, and ordered the former husband to continue to pay child support in the net amount of $25.00 a month to the former wife. The order also awarded attorney’s fees and costs to the former husband and reserved jurisdiction to determine the amount of the award. The April 2, 2012 order indicates that it was served on the wife’s former counsel, but not the former wife, herself.
Ten days later, the former husband filed a Motion to Determine Claim of Child as Dependent on Tax Returns and to Determine Amount of Attorney’s Fee Award. This motion was again served on the former wife’s counsel. The former wife’s counsel then advised the former husband’s counsel that he no longer represented the former wife, and had not contemplated representation of the former wife after the dissolution trial. Counsel for the former husband then served the motion on the former wife directly via certified mail.
On May 1, 2012, the former wife filed a motion for reconsideration of the trial court’s order granting the former husband’s motion to establish child support, alleging that she was never served with a copy of the motion and notice of hearing. She further explained her own attempts to resolve the issue of child support through the Department of Revenue.
On May 5, 2012, the former wife’s counsel filed a motion to withdraw, alleging that representation was not contemplated past trial. The trial court granted the motion to withdraw on May 8, 2012.
On May 10, 2012, the trial court held a hearing on the parties’ motions; the former wife, acting pro se, appeared by telephone. In an order dated June 11, 2012, the trial court granted the former husband’s motion to permit him to claim the parties’ child as a dependent on his 2012 and 2013 tax returns, and denied the former wife’s motion for reconsideration. The order also granted the former husband’s motion to determine the amount of attorney’s fees and awarded him $1,216.00, finding that amount represented reasonable attorney’s fees incurred by the former husband as a result of the former wife’s non-compliance with the terms of the final judgment. This appeal followed.
II. ANALYSIS
A. Former Wife’s Motion for Reconsideration
We agree with the former wife that her failure to appear at the hearing and contest the former husband’s motion to establish child support was, at the very least, the result of excusable neglect — if neglect at all. The former wife’s motion, in essence, sought to vacate the trial court’s order establishing child support be *940 cause the former wife — through no fault of her own — did not receive notice of the motion or the hearing. The former wife remained unaware of the proceedings until she received, via certified mail, the former husband’s subsequent motion to claim the parties’ child as a dependent on his tax returns, and to award fees. Once she was personally served with the former husband’s subsequent motion, she immediately filed her motion for reconsideration and appeared at the hearing on the motions. This demonstrated excusable neglect and due diligence on the part of the former wife. See, e.g., Schneider v. Schneider, 683 So.2d 187 (Fla. 4th DCA 1996) (holding that former wife’s failure to attend calendar call or trial was the result of excusable neglect where her former attorney failed to properly forward the notice of trial or any other filings to her).
Moreover, a meritorious defense is clear as the trial court’s order establishing child support “is facially erroneous because it does not make any findings as to the net income of each party as a starting point for calculating child support or explain how the calculation was performed.” Capo v. Capo, 73 So.3d 902, 902 (Fla. 4th DCA 2011). As our sister court in Whittingham v. Whittingham, 67 So.3d 239, 239-40 (Fla. 2d DCA 2010), succinctly stated:
Section 61.30[, Florida Statutes (2012),] sets forth guidelines as to the amount of child support which should be awarded based on the monthly incomes of the parties. If a trial court awards child support which deviates more than five percent from the guidelines, it must make a written finding explaining why the guidelines amount would be inappropriate or unjust. § 61.30(l)(a). Consequently, when determining child support a trial court is required to make findings of fact regarding the incomes of the parties because such findings are required in order to determine whether the support award departs from the guidelines. Wilcox v. Munoz, 35 So.3d 136, 139 (Fla. 2d DCA 2010). When a trial court fails to make findings regarding the parties’ incomes, the final judgment is facially erroneous.
Accordingly, we find that the trial court’s denial of the former wife’s motion to vacate the order establishing child support was an abuse of discretion and must be reversed and remanded for the trial court to make its findings as to the net income of each party, and based on those findings calculate the child support.
On remand, the trial court shall recalculate the child support award and enter a new order specifying the basis for the award pursuant to section 61.30, Florida Statutes (2012). This award may be made retroactive to the date of filing of the former husband’s motion to establish child support as provided in section 61.30(17), Florida Statutes (2012). See Leventhal v. Leventhal, 885 So.2d 919, 920 (Fla. 3d DCA 2004) (“A trial court abuses its discretion when it fails to award retroactive child support from the date of the filing of a petition for dissolution of marriage where there is a need for child support and an ability to pay.”); Levi v. Levi, 780 So.2d 261, 263 (Fla. 3d DCA 2001) (“When child support is modified, retroactivity is the rule rather than the exception. Although the award of retroactive child support is discretionary, it is an abuse of discretion not to make the award retroactive where the need for support and the ability of the parent to pay exists at the time the petition for modification is filed.”); Mayfield v. Mayfield, 103 So.3d 968, 971 (Fla. 1st DCA 2012) (same); Thyrre v. Thyrre, 963 So.2d 859, 862 (Fla. 2d DCA 2007) (same).
In remanding this issue back to the trial court, we note that “[t]he expense of transporting the minor child for visitation *941 is a childrearing expense like any other,” which “should he shared by the parents in accordance with their financial means. The guidelines statute [§ 61.30] provides the framework for arriving at a fair and equitable child support award. The expense of transporting the child for visitation must be evaluated in this framework.” Drakulich v. Drakulich, 705 So.2d 665, 667 (Fla. 3d DCA 1998) (citation omitted); see also Hindle v. Fuith, 33 So.3d 782, 786-87 (Fla. 5th DCA 2010). Here, the record shows that the trial court’s order reduced the child support amount by $100.00 to cover the transportation costs attributable to the former wife’s relocation from Monroe County to Broward County. Because the trial court did not evaluate the expense of transporting the child for visitation within the framework provided by section 61.30, Florida Statutes (2012), on this record, the trial court’s action cannot be viewed as anything “other than a de facto reduction of the child support figure.” Buckingham v. Buckingham, 492 So.2d 858, 860 (Fla. 1st DCA 1986).
B. Former Husband’s Motion to Determine Claim of Child as Dependent on Tax Returns
We next address the trial court’s order granting the former husband’s request for use of a Federal Tax Dependency Exemption. As counsel for the former husband conceded at oral argument, the trial court did not have the power to allocate the exemption directly. The trial court can only “require the custodial parent to transfer the exemption to the noncustodial parent through the execution of a waiver. However, the transfer of the dependency exemption to the non-eustodial parent is conditioned on that parent being current with support payments.” Robertson v. Bretthauer, 712 So.2d 1140, 1141 (Fla. 3d DCA 1998) (citations omitted).
The trial court did not require the former wife, as the custodial parent, to execute a waiver transferring the exemption to the former husband, and also did not condition the waiver on the former husband being current with his child support payments. We therefore find that the trial court erred by not structuring the transfer of the exemption in accordance with the requirements of section 61.30(ll)(a)(8), Florida Statutes (2012).
C. Attorney’s Fee Award
Lastly, we address the trial court’s award of attorney’s fees to the former husband. This award was predicated on the trial court’s finding that the former wife was in non-compliance with the terms of the final judgment as a result of the former wife’s failure to submit her financial information and appear at the hearing to re-calculate the parties’ child support obligations. Because we conclude that the former wife’s non-compliance with the terms of the final judgment was the result of excusable neglect and not willful, we reverse the award of attorney’s fees to the former husband. See Woolf v. Woolf, 901 So.2d 905, 915 (Fla. 4th DCA 2005) (reversing award of attorney’s fees where record did not support the notion that either side had engaged in any serious misconduct).
Accordingly, the trial court’s June 11, 2012 order is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.

. Although the former wife denominated her motion as one for reconsideration, it is appropriately viewed as a motion to vacate under Florida Rule of Civil Procedure 1.540(b). See Schneider v. Schneider, 683 So.2d 187, 187 (Fla. 4th DCA 1996) (former wife’s motion for rehearing was properly treated as a motion for relief pursuant to Florida Rule of Civil Procedure 1.540(b)).