# Third District Court of Appeal

## State of Florida

Opinion filed October 14, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2366
Lower Tribunal No. 14-12235
_____


**Amruta Nilay Shah,**
Appellant,

vs.

**Nilay R. Shah,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Mindy S. Glazer, Judge.

Bryant Miller Olive and Elizabeth W. Neiberger and Clayton D. Simmons (Tallahassee), for appellant.

Andrew Rier and Daniel Tibbitt, for appellee.

Before SUAREZ, C.J., and EMAS and FERNANDEZ, JJ.

FERNANDEZ, J.

Amruta Nilay Shah appeals a final judgment of dissolution of marriage.  We

reverse because the trial court noticed the hearing on the petition for dissolution of

marriage as a status conference and, instead, conducted a final hearing and entered final judgment.

Nilay R. Shah, the husband, and Amruta Nilay Shah, the wife, married in India on February 16, 2013, after which the husband moved to Florida. The husband filed the petition for dissolution of marriage, alleging that the marriage was irretrievably broken and that there was no real or personal property to divide.

The wife filed a pro se reply in which she denied that the marriage was irretrievably broken. She alleged that the husband owned various properties in the United States and India and that he owned a business from which he received income. She further alleged that she lived in India, had never been to the United States, did not have immigration status to travel to the United States, and could not afford an attorney.

On July 14, 2014, the trial court entered its Order Scheduling Uncontested Final Hearing or in the Alternative Setting Status Conference. The court announced that it would hold an Uncontested Final Hearing on July 30, 2014, if the wife did not file an answer. The scheduling order specifically declared that "[i]f an answer has been filed, this hearing will serve as a <u>STATUS CONFERENCE</u>."

The husband and his attorney attended the July 30 hearing. The wife appeared telephonically from India. The court conducted a final hearing and orally granted the petition over the wife's objection.

2

The wife subsequently moved to vacate the final judgment or for rehearing. The court held a hearing on the wife's motion, at which the wife appeared telephonically. The trial court announced that the wife had, indeed, filed an answer to the petition for dissolution of marriage, correctly treating the wife's pro se reply as an answer. The court further announced that it took testimony at the July 30, 2014 hearing and entered final judgment. This constituted error.

Due process requires proper notice and an opportunity to be heard. See Rodriguez v. Santana, 76 So. 3d 1035, 1037 (Fla. 4th DCA 2011); Dep't of Revenue v. Thurmond, 721 So. 2d 827, 828 (Fla. 3d DCA 1998). The trial court's July 30, 2014 notice of hearing notified the parties that if an answer to the petition had been filed, the hearing would serve as a status conference rather than a final hearing. The trial court, however, changed the nature and expanded the scope of the scheduled hearing without proper notice. In so doing, the court violated the wife's due process rights. See Epic Metals Corp. v. Samari Lake E. Condo. Ass'n, Inc., 547 So. 2d 198 (Fla. 3d DCA 1989).

We therefore reverse and remand for further proceedings consistent with this opinion and decline to address the remaining issues raised on appeal.

Reversed and remanded.