# Third District Court of Appeal

## State of Florida

Opinion filed December 28, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1042
Lower Tribunal No. 14-20975
_____

**Xernona Pinnock,**
Appellant,

vs.

**Warren Whyte,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Scanziani Law Group, LLC and Denise Martinez-Scanziani and John Scanziani, for appellant.

Warren Whyte, in proper person.

Before ROTHENBERG, LAGOA, and EMAS, JJ.

LAGOA, J.

Xernona Pinnock ("Pinnock") appeals from a final judgment of paternity, paternal responsibility, parenting plan, timesharing schedule and child support ("Final Judgment").[1]

Because Pinnock's due process rights were violated by the trial court expanding the scope of the scheduled hearing without notice, we reverse.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Appellee, Warren Whyte ("Whyte"), filed a Petition for the Determination of Paternity. Pinnock filed an answer to the petition. The trial court referred the parties to mediation, and the parties reached a partial mediated settlement agreement. The following remaining contested issues were not part of the mediated settlement agreement: Winter Break, Spring Break, and Summer time timesharing; child support; and allocation of the child tax exemption.

On February 3, 2015, the trial court entered an Order Scheduling Uncontested Final Hearing or in the Alternative Setting Status Conference. The order specifically stated that "**[i]f an answer has been filed, this hearing will serve as a <u>STATUS CONFERENCE</u>.**" (emphasis in original).

Both Whyte and Pinnock attended the scheduled hearing. A review of the hearing transcript shows that the trial court—notwithstanding Pinnock's filed

---

[1] After failing to file his answer brief, this Court entered an order directing Whyte to file an answer brief or be subject to sanctions. No answer brief was filed and this Court, therefore, entered an Order precluding Whyte from filing an answer brief.

2

answer to the petition—proceeded to conduct a final hearing and entered the Final Judgment. Following the entry of the Final Judgment, Pinnock filed a motion for rehearing, which the trial court denied in a written order. In its order, the trial court found that: (1) the motion was untimely[2]; (2) a mediated agreement had been reached by the parties; and (3) "[t]he few areas of disagreement were resolved at the UCD/Status Conference." This appeal ensued.

## II. ANALYSIS

The facts of this case are identical to those in Shah v. Shah, 178 So. 3d 70 (Fla. 3d DCA 2015), where this Court reversed the trial court's entry of a final judgment of dissolution of marriage. In Shah, as in the case before us, the trial court issued a scheduling order that specifically stated that "[i]f an answer has been filed, this hearing will serve as a STATUS CONFERENCE." 178 So. 3d at 71. Notwithstanding the wife's pro se reply to the petition for dissolution of marriage, which the trial court correctly treated as an answer, the trial court conducted a final hearing and orally granted the petition over the wife's objections. The wife moved for rehearing, which the trial court denied.

In reversing the trial court, this Court held that:

---

[2] Pinnock's motion for rehearing was timely as it was both filed and served on the fifteenth day from the date of the filing of the Final Judgment. Rule 1.530(b), Fla. R. Civ. P., requires that "[a] motion for new trial or for rehearing shall be served not later than 15 days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action."

3

Due process requires proper notice and an opportunity to be heard. The trial court's July 30, 2014 notice of hearing notified the parties that if an answer to the petition had been filed, the hearing would serve as a status conference rather than a final hearing. The trial court, however, changed the nature and expanded the scope of the scheduled hearing without proper notice. In doing so, the court violated the wife's due process rights.

Id.

Here, as in Shah, the trial court's order notified the parties that if an answer to the petition had been filed, the hearing would serve as a status conference rather than a final hearing. Notwithstanding Pinnock's answer, the trial court proceeded to final hearing and entry of final judgment. Because Pinnock's due process rights were violated by the trial court's expansion of the scope of the scheduled hearing without notice, we reverse the Final Judgment of Paternity and remand for further proceedings consistent with this opinion.[3]

---

[3] Although we need not address the merits of the remaining issues raised by Pinnock as we are vacating the Final Judgment, to assist the trial court on remand we note that the trial court does not have the power to allocate the Federal Tax Dependency Exemption directly. See Pullis v. Pullis, 118 So. 3d 937 (Fla. 3d DCA 2013). "The trial court can only 'require the custodial parent to transfer the exemption to the non-parent through the execution of a waiver. However, the transfer of the dependency exemption to the non-custodial parent is conditioned on that parent being current with support payments.'" Id. at 941 (quoting Robertson v. Bretthauer, 712 So. 2d 1140, 1141 (Fla. 3d DCA 1998)).

Additionally, we note that a court's imputation of income must be supported by competent, substantial evidence. See Harbus v. Harbus, 874 So. 2d 1230 (Fla. 4th DCA 2004). The trial court "is required to set forth the amount and source of the imputed income. If the court fails to do so, the case must be reversed and remanded for specific findings of fact." Id. at 1231.

4

Reversed and remanded.