# Third District Court of Appeal

**State of Florida**

Opinion filed March 29, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1370
Lower Tribunal No. 14-12235
_____

**Amruta Patel,**
Appellant,

vs.

**Nilay R. Shah,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge Rodriguez-Chomat, Judge.

Carlton Fields Jorden Burt, P.A., and Chris W. Altenbernd and Mariko Shitama Outman (Tampa), for appellant.

Law Offices of Daniel J. Tibbitt, and Daniel Tibbit; Duncan Trial & Family Law, and Michael L. Duncan (Jacksonville), for appellee.

Before SUAREZ, C.J., and LAGOA and SCALES, JJ.

LAGOA, J.

Amruta Patel (the "Wife") appeals from a final judgment of dissolution of marriage and an order denying her motion to vacate final judgment and for rehearing and reconsideration. Because the trial court erred in determining that the Wife did not file a counter-petition seeking any form of relief, we reverse.

I.     FACTUAL AND PROCEDURAL HISTORY

This is the second time this matter has come before this Court. In Shah v. Shah, 178 So. 3d 70 (Fla. 3d DCA 2015), this Court reversed the trial court's entry of final judgment after finding that the Wife's due process rights were violated when the trial court expanded the scope of the scheduled hearing into a final hearing without proper notice. Id. at 70-71. This Court declined to address any of the other issues raised on appeal and remanded the matter to the trial court for further proceedings.

Following remand, the trial court held a final hearing on April 18, 2016. At the end of the hearing, the trial court concluded that the marriage was irretrievably broken and orally ruled:

> There are no marital assets acquired, no marital assets to be divided, based on the sworn statement of your husband and your statement that you have no proof that any such asset has been acquired, therefore there is nothing to divide. As to the alimony that you keep bringing up, you bring it up over and over, you did not file a counter petition. There is no proof provided by you that your husband has this substantial living standard that you claim he has.

2

On May 3, 2016, the trial court rendered a written final judgment consistent with its earlier oral ruling. In its written order, the trial court found that "[t]he only Petition framing the issues before th[e] Court was the Husband's Petition for Dissolution of Marriage as the Wife did not file any Counter-Petition." The trial court further found that there were no marital assets because the Wife "was never able to produce any proof or information regarding any marital assets" and "the Husband [had] testified that there were no assets that were acquired during the marriage." The trial court also denied the Wife's request for alimony because "the Wife did not file Counter-Petition seeking any form of relief, she only filed an Answer." This appeal ensued.

## II. STANDARD OF REVIEW

Because the trial court's final judgment is primarily based upon its finding that the Wife's "Reply" did not constitute a counter-petition, we review the legal sufficiency of the Wife's pleading de novo. See Jarrard v. Jarrard, 157 So. 3d 332, 337 (Fla. 2d DCA 2015) ("Whether the pleading is legally sufficient in its allegations of [a] claim, as with all pleadings, is a legal issue reviewed de novo.").

## III. ANALYSIS

Although the Wife raises several issues on appeal, we only address here whether the trial court properly considered the Wife's counter-petition. The Wife asserts that the trial court erred in determining that "[t]he only petition framing the

3

issues before t[he]Court was the Husband's Petition for Dissolution of Marriage" and in failing to treat the Wife's "Reply" as a "counter-petition." We agree. The trial court's failure to properly consider the Wife's Reply as both an answer and a counter-petition resulted in a multitude of errors, including denying the Wife mandatory disclosure under Rule 12.285, Florida Family Law Rules of Procedure;[1] rejecting the Wife's request for alimony;[2] and denying the Wife equitable distribution.[3]

This Court has stated that "[p]leadings by pro se litigants should only be defined by their function." Castro v. State, 201 So. 3d 77 (Fla. 3d DCA 2015) (citing Haines v. Kerner, 404 U.S. 519, 520–21 (1972)). Thus, as a general rule, this Court will focus on the substance of the pleading and not its title. Castro, 201 So. 3d at 77; see also Fire & Cas. Ins. Co. of Conn. v. Sealey, 810 So. 2d 988, 992 (Fla. 1st DCA 2002) ("We agree that the true nature of a [pleading] must be determined by its content and not by the label the moving party has used to

---

[1] See Palewsky v. Fla. Dep't of Rev., 81 So. 3d 584, 585 (Fla. 3d DCA 2012) (holding that trial court erred in failing to require mandatory affidavit even without demonstrated objection by or prejudice to the other party because the requirement is mandatory and not waivable by either party); see also Salczman v. Joquiel, 776 So. 2d 986, 988 (Fla. 3d DCA 2001) (concluding that "financial affidavits are required (and nonwaivable by the parties) where there has been an initial or supplemental request for permanent financial relief").

[2] The trial court's denial of the Wife's request for alimony was specifically based on the trial court's finding that "yet again, the Wife did not file [a] Counter-Petition seeking any form of relief, she only filed an Answer."

[3] Indeed, the trial court at the hearing expressed repeated frustration with the Wife's questions regarding these matters.

describe it.").

Based on this Court's review of the content of the Wife's pro se pleading titled "Reply," it is clear that the Wife intended to plead the equivalent of both an answer and a counter-petition. The Wife pled the equivalent of an answer by contesting the Husband's claim in his petition that there was no marital property, identifying the Husband's property, describing his income, and describing her non-marital "belongings" of "gold, clothes, and utensils," which the Husband allegedly took with him to Florida.

The Wife also pled the equivalent of a counter-petition through her thirty "Prayers" to the trial court, including a request that the trial court order the Husband to provide her "shelter," "monthly maintenance charges" until her remarriage, "monthly home rent" until her remarriage, pay her "medical expenses," pay her telephone bill, reimburse her for "wedding expenses," return her non-marital property, and pay for her lawyer's expenses.

Accordingly, based on the substance of the Wife's pro se pleading, the trial court erred in failing to treat the Wife's Reply as both an answer and a counter-petition. Because we find that the Wife filed a counter-petition, we further hold that the trial court erred in failing to require the Husband to provide a mandatory disclosure as required by Rule 12.285.

IV.  CONCLUSION

Based on the foregoing, we reverse the Final Judgment except for paragraph 20 of the Final Judgment, which dissolved the marriage between the parties in the United States.[4]  We remand to the trial court for proper consideration of the Wife's pro se Reply as both a timely filed answer and counter-petition.[5]  We also grant the Wife leave to amend her pleading, if so desired.  On remand, the trial court shall also require the Husband to provide a mandatory disclosure as required by Rule 12.285.

Affirmed in part as to paragraph 20 of Final Judgment; reversed in part as to the remainder of the Final Judgment and remanded.

---

[4] On appeal, the Wife agreed that paragraph 20 of the Final Judgment should be affirmed.

[5] We express no opinion on the merits of the Wife's counter-petition.