# Third District Court of Appeal

**State of Florida**

Opinion filed August 16, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2768
Lower Tribunal No. 16-19084
_____

**Idelfonso Cardelle,**
Appellant,

vs.

**HSBC Bank USA, NA,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Michael A. Hanzman, Judge.

Idelfonso Cardelle, Jr., in proper person.

McGuire Woods, Sara F. Holladay-Tobias and Emily Y. Rottmann (Jacksonville), for appellee.

Before EMAS, SCALES and LUCK, JJ.

PER CURIAM.

Appellant, Idelfonso Cardelle, appeals from the trial court's order which 1) vacated an earlier default entered against appellee, HSBC Bank USA; and 2) dismissed Cardelle's complaint with prejudice.

We affirm without further discussion the trial court's order insofar as it vacated the default previously entered against HSBC Bank, as appellant has failed to demonstrate that the trial court grossly abused its discretion. See M.W. v. SPCP Grp. V, LLC, 163 So. 3d 518 (Fla. 3d DCA 2015).

However, we find merit in Cardelle's claim that the trial court, at that same hearing, erred in dismissing Cardelle's complaint with prejudice. The trial court entered its order of dismissal sua sponte, at a hearing that was scheduled for the purpose of addressing the default and the request for entry of a default final judgment. Cardelle would have no reason to anticipate (and was provided no notice) that the hearing would include consideration of dismissal of Cardelle's complaint. The sua sponte dismissal of the complaint, in the absence of proper notice, violated Cardelle's due process rights by expanding the scope of the hearing and making a determination on matters not noticed for that hearing. See Pinnock v. Whyte, 209 So. 3d 71 (Fla. 3d DCA 2016); Shah v. Shah, 178 So. 3d 70 (Fla. 3d DCA 2015); Epic Metals Corp. v. Samari Lake East Condo. Ass'n, Inc., 547 So. 2d 198 (Fla. 3d DCA 1989).

We therefore affirm the trial court's order insofar as it vacated the default against HSBC Bank, but reverse the trial court's order insofar as it dismissed Cardelle's complaint with prejudice.[1]

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

---

[1] We do not reach the merits of the trial court's basis for dismissing the complaint with prejudice.