# Third District Court of Appeal

## State of Florida

Opinion filed March 31, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2232
Lower Tribunal No. 21-20630-CA-01
_____

**U.S. Bank Trust National Association, etc.,**
Appellant,

vs.

**Angela Carey, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Quarles & Brady LLP and Joseph T. Kohn and Reed F. Baker (Naples), for appellant.

No appearance, for appellees.

Before EMAS, MILLER and GORDO, JJ.

EMAS, J.

## INTRODUCTION

U.S. Bank Trust National Association ("U.S. Bank") appeals the trial court's order denying a motion to confirm foreclosure sale, granting an emergency motion to vacate foreclosure sale, and—sua sponte—vacating the underlying final judgment of foreclosure and dismissing the foreclosure action with prejudice. Because the trial court violated U.S. Bank's due process rights by considering and ruling on matters which were unpled and granting relief (including vacatur of a final judgment and dismissal of the underlying action) that was beyond the scope of the hearing, we reverse.

## FACTUAL BACKGROUND

U.S. Bank filed the underlying residential foreclosure action in September 2021. Some defendants were defaulted after failing to respond to the complaint, and others were dismissed. Pertinent to this appeal, there is a separate, 2014 Foreclosure Case involving the same property seeking to foreclose on a "different, senior mortgage" recorded in 2003; here, U.S. Bank sought to foreclose on a mortgage recorded in 2005.

On January 4, 2023, the trial court entered a final summary judgment of foreclosure in favor of U.S. Bank. No defendant appeared in the foreclosure case, and no party moved to vacate final judgment.

2

The foreclosure sale was held on September 30, 2024, and a third-party (GLG 12, LLC, "Third Party") purchased the residential property for $342,000. Two weeks later, U.S. Bank filed a motion to confirm foreclosure sale and a notice of hearing was filed, setting U.S. Bank's motion to confirm foreclosure sale for November 6, 2024.

On October 25, however, the Third Party filed an emergency motion to vacate the September 30th sale, citing a bankruptcy petition filed minutes before the foreclosure sale took place.[1] The motion noted the separate 2014 Foreclosure Case involving the same property, explaining that "another scheduled sale date . . . under a second case number" had been cancelled. It then sought an "order vacating the Foreclosure Sale and canceling the

---

[1] Throughout the foreclosure proceedings, Angela Carey (defendant) filed multiple bankruptcy petitions, but those petitions were repeatedly dismissed by the bankruptcy court. Nat'l Med. Imaging, LLC v. Lyon Fin. Servs., Inc., 349 So. 3d 895, 895 (Fla. 3d DCA 2021) ("Congress enacted the Bankruptcy Reform Act of 1978 ('Act') and included in it a provision that automatically stays all legal proceedings against a debtor upon the debtor's filing of a petition seeking bankruptcy protection.").

Of note, in May 2024, the bankruptcy court granted U.S. Bank's motion for relief from automatic stay and motion for prospective in-rem relief for two years; U.S. Bank attached the order to its motion to confirm foreclosure sale. Nevertheless, on the morning of the September 30, 2024 foreclosure sale, Carey again filed a petition for bankruptcy. The petition was filed at 8:46 a.m., on September 30—minutes before the Third Party's winning bid. The record suggests that the Third Party did not immediately realize the timing of the bankruptcy petition.

3

issuance of certificate of title" under "the same rationale" used to cancel the sale in the 2014 Foreclosure Case—the filing of the bankruptcy petition before the sale. The motion did not contend that the foreclosure was barred or void because of the separate proceedings, nor did it seek to have the underlying foreclosure vacated or case dismissed.

On October 28, an amended notice of hearing (changing only the time of the hearing from 8:30 a.m. to 8:00 a.m.) confirmed that the only motion scheduled to be heard on November 6, 2024 was U.S. Bank's motion to confirm the September 30th foreclosure sale.

Following the November 6, hearing—for which there is no transcript—the trial court entered the order on appeal, finding that U.S. Bank's foreclosure action

> *is barred by the judgment entered in the 2014 foreclosure case involving the same property, Case No. 2014-012652-CA-01, in which a senior mortgagee is seeking to foreclose its 2003 mortgage. In particular, the Trust's 2005 mortgage has merged into the judgment that was entered in that 2014 case,* irrespective of whether the Trust filed any claims in the 2014 case or whether a foreclosure sale has occurred yet in the 2014 case. Although the Trust may not foreclose its mortgage separately in this case, the Trust may exercise its right of redemption under § 45.0315, Fla. Stat. and its right to participate in any surplus proceeds, in the 2014 case.

(Emphasis added).[2]

Based on these findings, the trial court denied U.S. Bank's motion to confirm foreclosure sale; vacated the September 30, foreclosure sale; vacated the final summary judgment of foreclosure; and dismissed the foreclosure action with prejudice. It subsequently denied U.S. Bank's motion for rehearing. This appeal followed. [3]

## DISCUSSION AND ANALYSIS

Simply put, we hold the trial court violated U.S. Bank's due process rights when it "changed the nature and expanded the scope of the scheduled hearing without proper notice." Shah v. Shah, 178 So. 3d 70, 71 (Fla. 3d DCA 2015) ("Due process requires proper notice and an opportunity to be heard.") (citing Epic Metals Corp. v. Samari Lake E. Condo. Ass'n, Inc., 547 So. 2d 198, 199 (Fla. 3d DCA 1989) ("A trial court violates a litigant's due process rights when it expands the scope of a hearing to address and determine matters not noticed for hearing.")). The October 18th and October 25th notices of hearing provided notice that the only matter to be heard on November 6 was "Plaintiff's Motion to Confirm Foreclosure Sale"—the

---

[2] Under the merger doctrine, "the cause of action on the debt and damages recoverable on it merge into any judgment entered on the cause of action." Whitehurst v. Camp, 699 So. 2d 679, 682 (Fla. 1997).

[3] Appellees failed to file an answer brief or a memorandum of points and authorities in support of their position.

notices did not include the Third Party's motion to vacate foreclosure sale, nor any motion seeking to vacate final summary judgment of foreclosure or dismissal of the foreclosure action in its entirety.[4] And even assuming consideration of the Third Party's motion to vacate sale was implicit from consideration of U.S. Bank's motion to confirm sale, the Third Party's motion did not seek to vacate the underlying foreclosure or to dismiss the case, and the basis for the trial court's ruling granting the motion to vacate sale (e.g., that the action is barred by the 2014 Foreclosure Action) was not raised in the Third Party's motion or in any pleadings in this case.

Instead, the trial court determined, without a pleading or motion filed by any party positing such arguments or seeking such relief, that the 2014 Foreclosure Case "barred" the underlying foreclosure action by virtue of the merger doctrine. Relying upon this sua sponte determination, the trial court vacated the sale, vacated the final summary judgment of foreclosure, and

---

[4] Despite the notices clearly indicating the hearing was set solely for consideration of U.S. Bank's motion to confirm foreclosure sale, the first line of the order on appeal suggests both parties' motions were to be considered at the hearing: "This cause, came before the Court on November 6, 2024, upon Plaintiff's Motion to Confirm Foreclosure Sale, filed October 15, 2024, . . . and the third party purchaser's Emergency Motion to Vacate Auction Sale of September 30, 2024. . . ." We further note that the trial court's order granted the motion to vacate on a completely different basis than that argued in the motion, and granted relief not requested when it vacated the final judgment of foreclosure and dismissed the underlying foreclosure action with prejudice.

6

dismissed the action with prejudice. In short, the trial court considered for the first time at the November 6th hearing whether the action was barred by the 2014 Foreclosure Action without any motion advancing such a claim and without providing U.S. Bank with notice and a genuine opportunity to be heard on that issue.[5] This violation of U.S. Bank's due process rights requires reversal. Connell v. Cap. City Partners, LLC, 932 So. 2d 442, 444 (Fla. 3d DCA 2006) ("[T]he granting of relief, which is not sought by the notice of hearing or which expands the scope of a hearing and decides matters not noticed for hearing, violates due process."); see, e.g., Cardelle v. HSBC Bank USA, NA, 225 So. 3d 366, 367 (Fla. 3d DCA 2017) ("The trial court entered its order of dismissal sua sponte, at a hearing that was scheduled for the purpose of addressing the default and the request for entry of a default final judgment. *Cardelle would have no reason to anticipate (and was provided no notice) that the hearing would include consideration of dismissal of Cardelle's complaint*. The sua sponte dismissal of the complaint, in the absence of proper notice, violated Cardelle's due process rights by expanding the scope of the hearing and making a determination on matters not noticed for that hearing.") (emphasis added); see also Herskowitz v.

---

[5] Because the trial court vacated the foreclosure sale based in part on this sua sponte determination, we reverse that aspect of the order on appeal as well.

7

<u>Herskowitz</u>, 513 So. 2d 1318, 1319 (Fla. 3d DCA 1987) ("[T]he trial court, sua sponte, vacated the final judgment herein on the merits based on certain perceived errors of law and did not rely on any of the narrow grounds for vacating a final judgment under Fla. R. Civ. P. 1.540. This being so, the trial court plainly erred in vacating the final summary judgment under Fla. R. Civ. P. 1.540."). The lack of transcript for the November 6, hearing does not affect our decision as the trial court's error is apparent from the face of the record. <u>See</u> <u>Celebrity Cruises, Inc. v. Fernandes</u>, 149 So. 3d 744, 749 n.3 (Fla. 3d DCA 2014) ("In the instant case, the error appears on the face of the record which grants relief not noticed and without the requisite evidentiary hearing, findings, or due process.").

## **CONCLUSION**

We reverse the trial court's order, which denied U.S. Bank's motion to confirm foreclosure sale, vacated the September 30, 2024 foreclosure sale, vacated the final judgment of foreclosure, and dismissed the action with prejudice. We remand for the trial court to reinstate the action, reinstate the final judgment of foreclosure and foreclosure sale, and for further proceedings consistent with this opinion.[6]

---

[6] In light of our disposition of this appeal, it is unnecessary to address the remaining arguments raised on appeal, including whether U.S. Bank's

8

mortgage was extinguished by entry of final judgment in the separate 2014 Foreclosure Case.